17   733
93   574

## STROTHER'S ADM'R. *vs.* BUTLER.

1. Where it does not appear from the record of a former suit, that a particular demand was passed upon, parol proof is admissible to show that it was; but, in the absence of such proof, it cannot be presumed that it was so passed upon, especially, if the demand be of such a character, as, *prima facie*, to authorise the conclusion, that it could not have been tried in the former suit.

2. A contract, by which the owner of a farm agrees to give to his overseer a portion of the products for his services, creates between them a tenancy in common in the products.

3. If one tenant in common, having the management of the joint interest, employ his son, then under his control and a member of his family, in and about the common business, with the knowledge of, and without objection from his co-tenant, it is a circumstance tending to show a contract between them for the services of the son; and the presumption of a contract would be the more reasonable, if the business actually required such services.

4. One tenant in common may maintain assumpsit against the other to recover contribution for services, rendered by the former in and about their common business, in pursuance of a contract or agreement between them for such services.

5. If one convert the chattel of another by selling it, assumpsit for money had and received will lie; but a mere conversion, without a sale of the chattel, will not authorise the owner to treat it as sold, and maintain assumpsit for its value.

Error to the Circuit Court of Chambers. Tried before the Hon. John J. Woodward.

THIS was an action of assumpsit brought by the plaintiff against the defendant in error to recover the value of one seventh part of a crop of cotton, corn, fodder and oats, made on the plantation of the defendant in the year 1844, under a contract with the plaintiff's intestate, by which defendant agreed to furnish the said intestate with a certain number of hands and to give him one seventh part of the crop raised for his services in superintending, and working as a laborer with them—also to recover the value of the services of the said intestate's son, and of the hire of the intestate's wagon, during said year—and further to recover the price of a cow sold to the defendant by the intestate. The money counts were added. The plaintiff proved the contract as alleged, and introduced evidence tending to show the quantity and value of the crop made on the plantation in the year 1844. He also proved by a witness that the son of the intestate frequently worked during the year on the said plantation, that the intestate's wagon, which was the only one on the place, was used in hauling in and about the plantation, and that the defendant was aware of both these facts. He further proved that the defendant had taken a cow, belonging to the intestate, from among the cattle of a neighbor and carried her to his house, and that after she remained there some time, she returned to the place from which she had been taken and died. The plaintiff finally introduced the record of a judgment from the Circuit Court of Macon county, in favor of the defendant against the intestate, rendered in 1845 in a suit in which the declaration was on the common and money counts, and to which no other plea was interposed than the general issue. The defendant offered to prove that in the fall of 1843 he handed four or five hundred dollars to the intes-

tate to pay over to one W. C. Thompson, to which the plaintiff, objected, on the ground that the money was handed to him before the commencement of the suit in Macon, but the court overruled the objection and allowed the evidence to be given to the jury. The court gave several instructions to the jury, the purport of which will be sufficiently understood by reference to the opinion. To the ruling of the court and to the charges given, the plaintiff excepted and now assigns them as error.

DOUGHERTY and RICE, for the plaintiff in error.

GUNN, for the defendant.

PARSONS, J.—It apppears that Butler, in the fall of 1843, delivered a sum of money to Strother, to be paid to Thompson; and when Butler proved that fact, as tending to show his defence to the present action, the plaintiff objected to the evidence, because the money was delivered to Strother before the commencement of Butler's suit against Strother, in the Circuit Court of Macon. The objection rested upon the supposition that Butler's demand against Strother, in respect of this sum of money, was tried in the suit in Macon; and if that fact had conclusively appeared, the same demand would have been barred, and consequently, could not have been relied on as a defence to the present action. But it is not contended, that the record of the suit in Macon shows that this demand was tried—that might have been proved on the trial of this cause by parol evidence.—Gardner v. Buckbee, 3 Cowen's Rep. 120; Rakes, Adm'r. v. Pope, 7 Ala. 161. But there was no such proof, nor, indeed, does it appear that this demand could properly have been tried in that cause, for it does not appear that Strother was then in any default with regard to it, even if that were the case at any time afterwards. It does not appear that he had used the money, or refused to pay it to Thompson, or that the latter was in the country, or even in life, so that he could have paid it to him. The record of the former suit, by itself, was no estoppel against the assertion of the demand in question, in defence of this suit, and therefore there was no error in refusing to exclude it.

1. The court charged the jury on trial of this case, that Strother could have availed himself of the demands sued for in this ac-

tion, provided the jury believed Butler assented to it, but there was, as appears by the bill of exceptions, no evidence of such assent. To this charge the plaintiff also excepted. The charge appears to have been unnecessary, as there was no evidence to which it could apply, and it might possibly have misled the jury; and further, if Strother had demands upon which he had the right to bring a cross action, he was not bound to use them as a defence. But it not necessary to decide whether this charge, in point of law, was erroneous or not.

2. As it was the agreement between Butler and Strother that the latter was to have a certain portion of the crop, in consideration of his services in raising it on the plantation and with the hands of the former, they were tenants in common, as will appear by the case of Mawhinney & Smith v. Thompson, which we decided at the present term.

3. It appears that Strother's son, who was a minor, labored on the plantation during a portion of the year in which the crop was on hand. The services of the son were not required by the original contract between Strother and Butler, and it was the object of the present suit to recover, among other things, for the services of the son; in relation to which, the court charged the jury, that although they might believe from the evidence, that the son labored on the farm in the year 1844, (the year when the crop was on hand,) and that the defendant might have seen him so laboring, yet the plaintiff could not recover for his services in this suit, if they believed from the evidence that the defendant was to furnish a certain number of hands, and did furnish them, and was to give the plaintiff a certain portion of the crop, "unless it was shown from the evidence what additional crop was made by the labor of the son, so that they could separate it from what was made by the hands agreed to be furnished by the defendant, and of which the plaintiff was to receive a certain part, and thus ascertain the value of the plaintiff's share of the crop made by the hands agreed to be furnished by the defendant." To this charge the defendant excepted. It does not follow from the fact that the son assisted to cultivate the crop, that the father was to be paid for it out of the crop, even if that circumstance could control the question of his right to compensation, and this question we think was a proper one for the jury to consider in this action. If the father employed his son, then under his control

and a member of his family, in the business for a considerable time, and this with the defendant's knowledge, it is a circumstance tending to show a contract for the service between the father and the defendant, especially if the latter made no objection, although it would not be conclusive by any means. And if the business actually required the service of the son, the presumption of a contract would be the more reasonable.

4. After this view, the question relates to the remedy. If there was a contract or agreement beween the parties for the service of the son in the business, can the father's adm'r. recover a just contribution for the service from the defendant, in an action of assumpsit? We think he can. It stands, we think, on the foot of an advance made by one tenant in common, of his own money, for the benefit of himself and his co-tenant, *pursuant to an agreement between them.* In such case it cannot be doubted but that the tenant making the advance can recover contribution from his co-tenant by an action of assumpsit founded on the contract. If one tenant in common advance his own money for the benefit of both and at the request of his co-tenant, with an understanding that the latter is to make recompense according to his proportion, the action of assumpsit to recover it certainly will lie, and if so, the former, under similar circumstances, may recover for the services of his son and the use of his wagon, provided the jury can infer from the dvidence that Butler agreed to pay for them.

What we have said on the last point applies to the next. If Strother used his wagon in the business of the parties, pursuant to an understanding between them that Butler was to be accountable for the use thereof or for a proportion of it, he would be liable accordingly in this action; and the question whether there was an understanding or agreement of the sort, was for the jury under the circumstances attending the transaction.

5. It does not appear that there was a sale of the cow by Strother to Butler. If the latter converted the cow by selling her (which appears not to have been the case,) to another person, Strother or his adm'r. might waive the tortious conversion and recover against Butler the money which the latter received from the sale. In such case the count for money had and received would be appropriate. But the doctrine of waiver can go no further. It cannot be admitted to extend to cases of mere conversion, so as to enable the injured party to treat the proper-

ty; converted as sold and delivered, and to bring assumpsit for the price.—Gray v. Griffith, 10 Watt's Rep. 431. We reverse the judgment and remand the cause, not finding it necessary to decide any further question in the cause.