## Hamner *et al. v.* Pounds.

*Action for Money Paid by Request.*

1. *Former recovery; res judicata; when plea not sustained.*—Where a plea seeks to raise the question of *res judicata*, or former recovery, and which avers that "in a former suit between the same parties the existence of the identical debt which is the foundation of the present suit was pleaded and issue was joined thereon, and it became material and necessary, under the charge of the court upon said issue, for the jury to determine whether or not such indebtedness existed as is now alleged in this suit, and the said issue was so determined and found in favor of the plaintiff to this suit"—such plea cannot be sustained when there is nothing in the record of the former suit which shows such indebtedness, nor any evidence which shows that the jury passed upon the question of indebtedness *vel. non.*

2. *Plea immaterial; duty of court; remedy of plaintiff.*—Even if the issue raised by the plea in this case be immaterial, yet if its averments were proved, it was the duty of the court to instruct the jury, on their finding such to be the case, to find for defendant. The plaintiff's remedy in such a case is to apply to the court for a repleader, or for judgment *non obstante veredicto.*

3. *Former adjudication; when a bar; collateral matter.*—While it is undeniably true that the judgment of the same court, or of a court of concurrent jurisdiction directly upon the same point and subject matter, is, as a plea, a bar; or, as evidence, conclusive between the same; yet, such judgment is not evidence of any matter which came collaterally in question or incidentally cognizable, or which is to be inferred by argument from the judgment rendered.

APPEAL from the Circuit Court of Tuskaloosa.
Tried before the Hon. WM. S. MUDD.
VOL. LVII.

[Hamner et al. v. Pounds.]

In this suit Raleigh Pounds, the appellee, seeks to recover $1,500, and interest from the first of September, 1869, from Robert Hamner, and Wm. S. Hamner, appellants, which money, it is alleged, was "paid out and expended by the plaintiff for defendants, at their special instance and request, to the county of Tuskaloosa." Wm. J. Hamner was tax collector of said county, it is alleged ; was indebted to said county in the sum aforesaid, and Robert Hamner and Raleigh Pounds were the sureties on his official bond ; and the said Hamners requested the plaintiff, appellee, to pay said sum, and they would repay ; whereupon said Pounds advanced said sum to said county, and now alledges that said Hamners have not paid to him the said sum, though often requested, &c.

To the complaint, the defendant filed, among others, the following plea : 4th. " For further plea they (defendants) say actio non, because they say that the defendant, Robert Hamner brought his suit against the said plaintiff and one Charles Smallwood to the fall term, 1872, of this Circuit Court, to recover damages for the breach of the condition of a garnishment bond which the said Pounds and Smallwood made to these defendants in a former suit by the said plaintiff against these defendants in the identical cause of action upon which this suit is brought ; and at the fall term, 1873, of this Circuit Court a trial was had on the said suit on said garnishment bond, and at said trial the said plaintiff (then a defendant) set up as a defense that the said defendants were in fact indebted to the plaintiff, and that said garnishment was legally sued out ; and upon this plea this defendant, Robert Hamner, took issue, and it became material and necessary, under the charge of the court, upon said issue, for the jury to determine whether or not these defendants were indebted to the said Raleigh Pounds, as is now alleged in their suit ; and the said issue was so determined by the jury, and found in favor of the defendant, Robert Hamner ; and therefore these defendants aver that this suit cannot be maintained in said cause of action, and this they are ready to verify."

The plaintiff demurred to said plea of defendants, and demurrer being overruled, filed his replication thereto ; to which replication the defendants demurred, and their demurrer was sustained ; whereupon issue was joined on the fourth plea of defendants, above set forth. In order to prove said plea, defendants offered in evidence the record and proceedings had in this court, of the suit tried at the fall term, 1873, in which Robert Hamner

[Hamner et al. v. Pounds.]

was plaintiff, and Raleigh Pounds and Charles Smallwood defendants, which suit was brought on a bond made by said Pounds and Smallwood to procure a writ of garnishment against Simpson and Freeman, debtors of said Robert Hamner. The defendants then offered evidence to prove that the indebtedness upon which the action is founded is the same that the plaintiff in this suit offered in evidence in the suit on the garnishment bond. (See *ante*, p. 342.)

Upon this evidence the court charged the jury, " that although the jury may believe, from the evidence, that Robert Hamner, one of the defendants in this suit, did bring a suit against Raleigh Pounds, the plaintiff in this suit, and Charles Smallwood, and that said suit was founded upon a garnishment bond made by said Pounds and Smallwood, in order to procure a writ of garnishment against Simpson and Freeman, debtors of said Robert Hamner, and was brought to recover damages for the wrongful and vexatious suing out of said writ of garnishment ; and although they may also believe, from the evidence, that the indebtedness for which the defendants are sued in this action by the plaintiff, Pounds, is the same identical indebtedness offered in evidence by said Pounds and Smallwood, and considered by the jury on the trial of the suit on the garnishment bond, brought by the said Robert Hamner against said Pounds and Smallwood, that this would be no bar to this suit." To this charge the defendants excepted, and now, on appeal, make the following assignments of error :

1.   The court erred in the charge given to the jury.

2.   The court erred in failing to charge the jury that if they believed the matters stated in the fourth plea of defendants had been proven, they should find a verdict for defendants.

3.   The court erred in its charge to the jury, because the facts proved show that plaintiff could not recover.

S. A. M. WOOD, HARGROVE & LEWIS, for appellants. 1. If the question whether Robert and Wm. Hamner owed Raleigh Pounds this particular debt, was tried in the bond suit, then it is a bar to this suit.—See *Hopkinson v. Shelton*, 37 Ala. 311. Nor does it affect the question that in strictness of law the plaintiff's right could not have been properly adjudicated in that suit, if it was in fact set up and passed upon in a court of competent jurisdiction at the plaintiff's instance.—*Tarleton v. Johnson*, 25 Ala. 300.

See the opinion of Judge CHILTON, in *Tarleton v. Pollard*

[Hamner et al. v. Pounds.]

and *Johnson*, 25 Ala. 312, where he says : " Whether, in strict-
ness of law, their title could have been properly adjudicated
in an action against their bailees, is not material now, since
it is shown by the record that it was set up and decided
upon." So in this action the defendants set up as a defense,
the identical cause of action on which they have now sued,
and it was decided in the bond suit.

VAN HOOSE & POWELL, *contra.* (No brief came to the
Reporter.)

STONE, J.—The fourth plea of defendants—appellants
here—seeks to raise the question of *res judicata*, or former
recovery. That plea avers that, in a former suit between
these parties, Pounds pleaded in justification the existence
of the identical debt which is the foundation of the present
suit, and that the garnishment was legally sued out ; that
upon this plea issue was joined, " and it became material
and necessary, under the charge of the court upon said issue,
for the jury to determine whether or not the said Hamners
were indebted to the said Raleigh Pounds, as is now alleged
in the complaint in this suit ; and the said issue was so de-
termined by the jury, and found in favor of the defendant,
Hamner." The suit, referred to in this plea, was upon a
bond given by Pounds to obtain a garnishment ; and the
*gravamen* of the action was, that the garnishment was wrong-
fully and vexatiously sued out. The suit, in aid of which
the garnishment was issued, had gone out of court by volun-
tary non-suit suffered by plaintiff, Pounds. Failure to
prosecute the former suit to effect, was a breach of the
garnishment-bond, and entitled Hamner, the plaintiff in that
suit, to recover the actual damage he had sustained. Under
the charge of the court, given in that case, and under the
evidence allowed, the recovery was not excessive, even for
the actual damage proved, not allowing anything on the
score of exemplary or vindictive damages. If the jury had
found, in that case, that the Hamners did owe Pounds the
debt, to collect which he had sued out the garnishment, that
fact, without more, could not have prevented a recovery. It
would still have left unanswered, *first*, the breach of the
bond in failing to prosecute the garnishment to effect ; and,
*second*, the inquiry, whether the garnishment was sued out
needlessly, or in the honest belief that garnishment was
necessary to obtain satisfaction of his claim. Again, under
the charge of the court, given in that suit, an honest belief,

entertained by Pounds, that the Hamners owed him as alleged in his complaint, was made quite as effective in defense, as if they had in fact owed him the debt. Under the instructions as to attorney's fees, the verdict was not excessive, even if the jury were convinced that the Hamners owed Pounds the fifteen hundred dollars claimed. There is nothing, then, in the record of the former suit which shows that the jury, on that trial, found there was no debt from Hamners to Pounds; nor is there any evidence in this record which shows such finding, or that the jury passed on the question of indebtedness *vel non*.

We have been thus particular in stating the substance of the plea, because issue was taken upon it; and also, in stating the evidence in support of it, because, even if the issue was immaterial, yet, if the averments of the plea were proved, it was the duty of the court to instruct the jury, on finding such to be the case, to give their verdict for the defendant. 2 Brick. Dig. 361, §§ 505, 506. The plaintiff's remedy in such case, is to apply to the court for a repleader, or for judgment *non abstante veredicto.—Mudge v. Treat*, page 1, of this volume.

It will be seen from what is stated above, that there was no proof offered to the jury in the trial of this cause, that the jury in the trial of the cause of *Hamner v. Pounds*, found against the validity of the debt herein sued for; and the record in that suit, given in evidence in this, fails to prove they so found. Hence, this case is not brought within the influence of the principles declared in *Hopkinson v. Shelton*, 37 Ala. 306.

There being, then, an entire absence of proof, so far as we can perceive, that the jury in that suit found against the validity of the debt sued for in this case, we can not say the proof sustained the fourth plea. The charge excepted to was free from error, because the facts supposed therein, if found to exist, would not, without more, either sustain the plea, or bar this action. To meet the requirements of the plea, an additional fact was necessary to be proved and found by the jury; namely, that the debt sued for had been pronounced against in the former suit.

What we have said above has reference to the pleadings, proof and charge, as found in the present record. It is by no means certain that the plea is itself good. While it is undeniably true that the judgment of the same court, or of a court of concurrent jurisdiction, directly upon the point is, as a plea, a bar; or, as evidence, conclusive between the same

parties, upon the same matter directly in question in another suit or court, yet, such judgment, though within the court's jurisdiction, is not evidence of any matter which came collaterally in question, or of any matter incidentally cognizable, or which is to be inferred by argument from the judgment rendered.—*Duchess of Kingston's Case*, 11 St. Trials, 261; 1 Greenl. Ev. § 565; 2 Smith's Lead. Cases, 677. This doctrine has been repeatedly recognized and asserted in this State.—*Davidson v. Shipman*, 6 Ala. 27, 33; *Strother v. Butler*, 17 Ala. 733; *Thomason v. Odum*, 31 Ala. 108. In *Strother v. Butler, supra,* it was said: "Where it does not appear from the record of a former suit that a particular demand was passed upon, parol proof is admissible to show that it was; but in the absence of such proof, it can not be presumed that it was so passed upon, especially if the demand be of such a character as *prima facie* to authorize the conclusion that it could not have been tried in the former suit." So, in *Chamberlain v. Gaillard*, 26 Ala. 504, it was said, speaking of this defense when pleaded in an action of detinue: "If the plea contained an averment that the ownership of the slave formed a material part of the issue on the former trial, it would still be defective. To make it a good plea, it must show that on the former trial, the jury necessarily determined that the plaintiff therein was the owner of the slave down to the commencement of the detinue suit." It does not appear from the record in the case of *Hamner v. Pounds*, that the jury necessarily determined, or determined at all, that the Hamners did not owe Pounds the debt, to collect which he sued out the garnishment.

Judgment of the Circuit Court affirmed.