[Farrow v. Andrews & Co.]

# Farrow *v.* Andrews & Co.

### *Action on Promissory Note.*

1. *No implied warranty in sale of guano by one who is not the manufacturer.*—There is no implied warranty in the sale of guano by one who is not shown to have manufactured it, that it was reasonably well adapted to the purposes for which it was purchased; but in such a sale, like that of any other merchandise, the law exacts from the seller only good faith and fair dealing.

2. *Expression of opinion not a warranty.*—The mere expression of an opinion by one selling guano, that it was a good fertilizer, does not amount to a warranty.

3. *Plea raising immaterial issue; when evidence in support of should be received.*—Where issue is joined on an insufficient plea, it becomes one of the issues to be tried by the jury, and, although it is immaterial, the court has no discretion, but must receive evidence offered in support of the averments of the plea.

APPEAL from Randolph Circuit Court.

Tried before Hon. JAMES E. COBB.

This action was brought by the appellees against the appellant, and was founded on a promissory note, executed by the latter to the former. In addition to the plea set out in the opinion, the appellant pleaded the general issue, and also, by way of set-off, damages which, it is alleged, he sustained on account of a breach of a warranty in the sale by the appellees to the appellant of a lot of guano, which they "warranted to be good guano, when in fact and in truth the said guano was wholly worthless and of no value." On the trial it was shown that the note sued on was executed by the appellant to the appellees in consideration of certain guano which he purchased from them. It was not shown that the appellees manufactured the guano. The appellant, "for the purpose of showing a want of consideration in the note sued on," offered proof tending to show that the guano so purchased by him was worthless and of no value; but, on the objection of the appellees, the court refused to allow the appellant to make the offered proof, and he excepted. The evidence also tended to show, that the guano was sold by an agent, and that this agent told appellant, at the time of the sale, that the appellees had instructed him to say to purchasers, that they believed it was good. It was also shown that the appellees had expressly instructed this agent not to warrant the guano sold by him for them. The court charged the jury in writing, at the request of the appellees,

VOL. LXIX.

[Farrow v. Andrews & Co.]

that if they believed all the evidence, they must find for them to which charge the appellant excepted. There was a verdict for the appellees, on which a judgment was rendered in their favor. The rulings of the Circuit Court above noted are here assigned, among others, as error.

SMITH & SMITH, for appellant, cited *Gammell v. Gunby*, 52 Ga. 504; *Sims v. Howell*, 49 Ga. 62; *Jones v. Bright*, 5 Bing. 533; *Brown v. Edington*, 2 Man. & G. 279; *Groma v. Atlantic Railway Co.*, 58 N. Y. 358.

ROBINSON & DENSON, contra. (No brief came to hands of reporter.)

STONE, J.—It is not shown in this record that Andrews & Co., the sellers of the guano, were themselves its manufacturers. Hence there was no implied warranty that the article sold was reasonably well adapted to the purposes for which it was purchased. Like any other sale of merchandise, the law exacted from the contractors only good faith and fair dealing. Neither do we think there was any evidence given or offered, tending to prove a warranty. The most that can be made of it is an expression of opinion that it was a good fertilizer. This does not amount to a warranty.— *Wilcox v. Henderson*, 64 Ala. 535.

There is a point, however, on which we feel it our duty to reverse several rulings of the Circuit Court. One of the pleas of defendant is in the following language: "That the note sued on was given by the defendant for guano, which said guano was wholly worthless and of no value, and the said note has no other consideration than the said worthless guano sold by the plaintiff to the defendant." This plea was not demurred to, but the record informs us, issue was joined upon it. Now, although the plea was insufficient, yet when issue was joined upon it, it became one of the issues to be tried by the jury, and the defendant should have been allowed to introduce testimony in support of it. The plea consisted of two averments, and so long as it remained as the basis of one of the issues, although immaterial, the court had no discretion, but should have received the evidence offered in support of each of the averments of the plea, namely: that guano was the consideration of the note, and that the guano was worthless.— *Mudge v. Treat*, 57 Ala. 1. Several rulings of the Circuit Court are opposed to these views.

Reversed and remanded.