# Taylor v. Smith et al.

*Action against a Sheriff and Sureties on his Official Bond for Failure to permit Prisoner to obtain Bail.*

1. *Action against sheriff for failure to allow bail; case proper remedy.* In a suit against a sheriff and the sureties on his official bond to recover damages for failure to permit plaintiff to obtain bail, the damages complained of are consequential and proceed from a negligent disregard of official duty, and an action on the case is the proper remedy.

2. *Amendment to original complaint; when not barred by statute of limitations.*—The amendment of a complaint, when properly allowed, relates back to the commencement of the suit as to all matters within the *lis pendens;* and when the cause of action stated in the original complaint is an action on the case, and the amendment thereto introduces no new matter and is also in case, the statute of limitations runs only to the commencement of the suit and not to the allowance of the amendment; and, if the cause when originally instituted was

[Taylor v. Smith *et al.*]

not barred, the amendment is not subject to the plea of the statute of limitations.

3. *General affirmative charge; proper when proof sustains plèa upon which issue is joined without a demurrer or replication.*—Where a plea is neither demurred nor replied to, but issue is taken on it, and each allegation thereof is proved without conflict in the evidence, the general affirmative charge is properly given for the defendant, without reference to the issues on the other pleas on which plaintiff may not have been entitled to such charge.

4. *Motion for repleader or judgment notwithstanding verdict; when proper.*—Where issue is joined on an insufficient or immaterial plea, and its averments are proved, and in obedience to the instruction of the court a verdict is returned for the defendant, the plaintiff's remedy is by motion to the court for a repleader, or for a judgment notwithstanding the verdict.

5. *Appeal; objection not insisted on considered waived.*—An objection to the ruling of a trial court, which is made the basis of an exception, but which, on appeal, is not insisted upon, is considered by the appellate court as waived.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was commenced on the 6th day of May, 1889, by the appellant, Thomas T. Taylor, against the defendant Joseph S. Smith, as sheriff of Jefferson county. and the sureties on his official bond, to recover damages for the arrest and imprisonment of the plaintiff on a warrant, issued by a justice of the peace, charging plaintiff with a misdemeanor, for unlawfully and wantonly injuring and disfiguring an animal. The gravamen of the complaint was, that plaintiff offered, when arrested, to make a good and sufficient bail bond, which the sheriff refused to take, but maliciously imprisoned him in the county jail. The complaint, claims damages consequential to the arrest—the deprivation of liberty, bodily discomfort, mental suffering, the expenditure of counsel fees in and about procuring his discharge. It was demurred to on various grounds, but no ruling of the court appears in the transcript on the demurrers.

An amended complaint was filed, by leave of the court, on the 18th March, 1890, on substantially but fuller averments than those contained in the original complaint, except its recitals by way of inducement, which were retained as the basis for the charges contained in the amendment. On the 30th March, this amendment was withdrawn, and the plaintiff was allowed

[Taylor v. Smith *et al.*]

to file an additional amended complaint, charging that
the condition of the sheriff's bond had been broken, in
that the sheriff, on the 6th of August, 1888, had caused
the plaintiff to be arrested on a warrant, issued by a
justice of the peace, returnable to the criminal court
of Jefferson county, which warrant is set out in full,
and averring that it became and was the duty of the de-
fendant, Smith, to carry the plaintiff before the criminal
court of Jefferson county, but the defendant wrongfully
committed the plaintiff to jail, whereby he suffered
damages, &c.   To this complaint there was a demurrer,
which was not acted on.   On the 15th of September,
1892, the plaintiff was allowed to file an additional
amended complaint, with four counts, the first and
second of which set out the sheriff's bond and the war-
rant of arrest.   The first averred, that the condition of
the bond was broken, in that, on the 12th of December,
1888 the said Smith, as sheriff, caused the plaintiff to be
arrested under and by virtue of a warrant of arrest, issued
by a justice of the peace in and for the county of Jeffer-
son, returnable to the criminal court of said county;
that it became and was the duty of said sheriff to cause
the plaintiff to be brought without delay before the crim-
inal court, which he failed to do, but wrongfully com-
mitted him to jail, and confined him there for the space
of 36 hours, whereby he suffered and was damaged, &c.
The second count is like the first in its averments, except
it averred that said Smith, as sheriff, by his deputy,
J. E. Byars, caused the arrest and imprisonment.   The
other counts, the 3d and 4th, were afterwards with-
drawn.

To the complaint as amended, the defendants inter-
posed 16 pleas, which appear to be pleas to all the counts
of the complaint, original and amended.   Some of these
were in effect, no more than the general issue; others,
that the cause of action set up by the amendments to the
complaint was barred by the statute of limitations of one
year.   To the 3, 5, 6, 9 and 14, the plaintiff demurred.
To the 7, 11 and 12 he replied.   The 7th set up, that the
plaintiff, having been arrested on a warrant for a mis-
demeanor, returnable to the criminal court of Jefferson
county, failed to give a good and sufficient bond for his
appearance before that court, and in default thereof, the
said Smith, as sheriff, committed the plaintiff to, and

[Taylor v. Smith *et al.*]

retained him in, jail until he executed a sufficient bond, and as soon as he did execute one, he was released and discharged from prison. The 11th and 12th were to the same effect as the 7th, making the further averments, that the warrant of arrest was regular and proper on its face; that plaintiff was arrested under it, and in de-default of a bond was committed to jail, and retained there until he executed a bond on the morning of the 13th December, 1888, when he was discharged. The 10th plea was not demurred or replied to. It averred, that "the plaintiff was arrested upon a warrant issued by a justice of the peace, returnable to the criminal court of Jefferson county, State of Alabama, charging the plaintiff with a misdemeanor, and that the plaintiff failing to give a good and sufficient bail bond for his appearance before said court, the said defendant, J. S. Smith, in default of, plaintiff's giving said bail bond, committed plaintiff to jail and retained him in jail until he executed a sufficient and good bail bond, and as soon as he executed and delivered to the said J. S. Smith, as such sheriff of said county, a good and sufficient bail bond for his appearance to answer said prosecution, before the said criminal court, the said defendant J. S. Smith, released and discharged plaintiff from prison and set him at liberty." The demurrers to the 11th and 12th pleas were not acted on. The replications to the 7th, 11th and 12th pleas were, that under said warrant it became and was the duty of defendant, J. S. Smith, to cause plaintiff to be brought, without delay, before the criminal court of Jefferson county, which was then in session, which he failed to do, but wrongfully committed plaintiff to jail.

The minute entry recites, that on the 30th of March, 1890, the plaintiff, by leave, withdrew the amendments allowed and filed on the 18th of March, 1890; and was allowed, on that day, to file another amended complaint with five counts, but no such a complaint appears in the transcript. At the trial, as shown by the judgment entry, the 3d and 4th counts to the amended complaint, filed on the 15th September, 1892, were withdrawn by the plaintiff, and the demurrers to the complaint were withdrawn, and issue was joined.

The evidence for the plaintiff tended to show, that he was arrested some 15 miles away from Birmingham, in

[Taylor v. Smith *et al.*]

the presence of his father, who said that he and W. M. Killough would go on the bail bond, if Byars, the deputy making the arrest, would go with them to said Killough's house and Byars replied, that he did not know that he had the right to take the bail bond; that on their way to Birmingham, they met Killough, who offered to go on the bail bond, but Byars said he did not know that he was authorized to take the bond; that no bond was offered, nor did the evidence show that Killough was a sufficient surety on the bond; that on arrival at Birmingham, the deputy took plaintiff directly to the jail; that plaintiff told the deputy, that one W. S. Brown, who kept a store in Birmingham, would go on his bond, but he refused to take him by Brown's store, although it was on the way to the court house; that plaintiff was not taken before the criminal court of Jefferson, nor before the judge thereof, nor before any other magistrate, but was put in jail and kept there until about noon the next day, locked up in an iron cell, when the father of plaintiff came to the jail, for the purpose of making bail for plaintiff, but did not find any one there to take and approve a bond; that he knew where the sheriff resided, but did not go there; that the next day, about noon, one J. S. Williams, a deputy, approved an appearance bond for plaintiff, and he was released thereon; that plaintiff, at the time of his arrest, was about 18 years old and lived with his father; and that at the time he was carried to the jail by Byars and incarcerated, he was turned over to the defendant Smith.

The evidence for the defendant tended to show the arrest under the warrant set out in the amended complaint, and that plaintiff was brought to Birmingham; that on his arrival, plaintiff was given every opportunity to give bail; that the deputy carried him around town to enable him to do so, and he could find no one willing to go on the bond; that he was unable to give it, until his father came down; that plaintiff offered no bail bond at the time of the arrest; that he did say he could give bond by going to Mr. Killough's; that when plaintiff was carried to jail, he was turned over to the sheriff by the deputy, who told plaintiff that he would take him around town, to see if he could give bail, and plaintiff replied that he had been to several places and could not get any one to go on his bond, and there was no use in going

[Taylor v. Smith *et al.*]

again; that plaintiff said, he could not give bond until next day, when his father would come down, and that the sheriff might as well put him in jail, until his father came; that the sheriff held plaintiff by virtue of the warrant of arrest, and as soon as plaintiff tendered a sufficient bond, in proper form, he was discharged, and was not treated unkindly, and was not abused at all.

Upon the introduction of all the evidence, the court, at the request of the defendants, gave the general affirmative charge in their behalf, and to the giving of this charge the plaintiff duly excepted.

Upon the return of a verdict by the jury in favor of the defendants, the plaintiff moved the court to enter a judgment in his behalf, notwithstanding the verdict of the jury, and to award a writ of inquiry. This motion was overruled, and the plaintiff duly excepted. There was judgment for the defendants, and the plaintiff appeals, and assigns as error the giving of the general affirmative charge for the defendants, and the overruling of his motion for a judgment notwithstanding the verdict of the jury.

J. W. Chamblee, for appellant.—The appellant was entitled to bail, and the appellee owed him the duty to permit him to give bail.—Cr. Code, §§ 4275, 4408; *Jones v. State*, 63 Ala. 161. The general affirmative charge should not have been given for the defendant. The trial court should have submitted the said cause to the jury. *Morris v. Hall*, 41 Ala. 510; *Weaver v. Shropshire*, 42 Ala. 230; *Waugh v. Ridgeway*, 42 Ala. 368; *Clemmens v. Loggins*, 1 Ala. 622; *Matkin v. Marx*, 96 Ala. 501.

Hewitt, Walker & Porter, *contra*.—The action of the sheriff in taking a bail bond and approving the same is judicial in character and not ministerial. The sheriff, therefore, is not liable in a civil action for a mere failure to approve a bail bond, but for a corrupt refusal he may be liable to the State in a criminal prosecution.—*Ex parte Harris*, 52 Ala. 87; *Ex parte Thompson*, 52 Ala. 98; *Mobile Mut. Ins. Co. v. Cleveland*, 76 Ala. 321; *McDuffie v. Cook*, 65 Ala. 430; *Grider v. Tally*, 77 Ala. 422. The tenth plea of the defendant, on which issue was joined, was supported by the evidence without conflict, and,

[Taylor v. Smith *et al.*]

therefore, the defendant was entitled to the general affirmative charge.

HARALSON, J.—1. At common law bail was not allowable as a matter of right, but rested in sound judicial discretion. By the Bill of Rights in our present constitution, as it was in the previous ones, it is provided that all persons shall, before conviction, be bailable with sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not, in any case, be required.

When an indictment has been found against one for a misdemeanor, it is provided by statute that the defendant must be discharged by the sheriff, or his deputy, on giving sufficient bail; but the amount of bail must in no case be less than $50.—Code, § 4408. And by section 4275 it is provided, that when the offense is described in a warrent of arrest, and it is executed by the sheriff or his deputy, such sheriff or deputy may, on the request of the defendant, discharge him on sufficient bail for his appearance at the next term of the court having jurisdiction of the offense, to answer any indictment which may be found against him therefor; and if such court is in session, for his appearence at such court. It is thus made manifest, that the policy of our law is to afford to the citizen every reasonable facility for obtaining a discharge from arrest, before conviction, on giving security for appearence to answer the accusation preferred against him. On the arrest of a defendant charged with a misdemeanor, whether before or after indictment, without any order of court, he is entitled to be admitted to bail. "It is a matter of right, and on the sheriff, in whose custody he may be, devolves the duty unconditionally of discharging him on sufficient bail. The duty of the sheriff is purely ministerial, and for the manner of its exercise he stands answerable, as he is for the exercise of other ministerial duties."— *Hammons v. The State,* 59 Ala. 168.

2. The appellant's counsel rests his case upon the one point, that the general charge should not have been given for the defendants, because the complaint charges that the defendant Smith wrongfully refused to admit the plaintiff to bail for his appearence to answer the charge of a misdemeanor for which he was arrested, as

[Taylor v. Smith *et al.*]

to which the evidence was conflicting. If this were the real and only issue in the case, the general charge could not be sustained, for the reason urged. In the great and confusing mass of amendments, demurrers, pleas and replications, without the rulings of the court upon them, so far as appears, our labors would have been greatly lightened, if it had been made plain to us, as it has not been, that this was the only issue in the case, or what the issue really was.

3. The defendants' counsel rests the defense on the two grounds : that the original complaint was in trespass, and the amendments, on which the cause was tried, were in case, and the cause of action was barred by the limitation of one year, at the time the amendments were allowed and filed ; and that, without reference to any other issue in the cause, the plaintiff took issue on the 10th plea, which was established without conflict of evidence, and on this plea, they were entitled to the general charge.

4. It is often difficult to draw the line between an action in trespass and one in case, although much has been written on the subject. It came to us from the common law, and out of respect to a venerable technicality, more than for any other reason, perhaps, the distinction has been preserved in our Codes. Until recently, the two causes of action could not be united in one complaint, but that ancient rule has been dispensed with by legislative enactment. The counsel for defendants in this case, have encountered the bewilderment which has often overtaken others before them, in ascertaining whether this is an action in trespass or case. Perhaps we can not better define the two, than was done in *Pruitt v. Ellington*, 59 Ala. 457, where this language was employed : "For a tort committed with force and intentionally, the immediate consequence of which is injury, trespass is the appropriate remedy. If the injury proceeds from mere negligence, or is not the immediate consequence of the tort, case is the appropriate remedy." See *Bell v. Troy*, 35 Ala. 184 ; *Ala. M. R. R. Co. v. Martin & Bro.*, 100 Ala. 511.

Tested by this rule, the original and amended complaints were in case. The damages complained of and as alleged were consequential, were committed by the sheriff under color of his office, and proceeded from a

[Taylor v. Smith *et al.*]

negligent disregard of official duty, and were not the immediate result of the tort alleged to have been committed. The original complaint being in case, the amendments were within the *lis pendens*—being themselves in case—and related back to the commencement of the suit. As the original cause of action was not barred, at the time the suit was commenced, the amendments were not subject to the pleas of the statute of limitations.—*Evans v. Richardson*, 76 Ala. 329 ; *Mohr v. Lemle*, 69 Ala. 180 ; *King v. Avery*, 37 Ala. 169.

4. This brings us to plea No. 10, which was not demurred or replied to. Issue was taken on it. We are not invited, therefore, to pass upon its sufficiency. The averments of the plea are in substance, that the plaintiff was arrested on a warrant issued by a justice of the peace returnable to the criminal court of Jefferson county ; that the warrant charged the plaintiff with the commission of a misdemeanor ; that the defendant, J. S. Smith, on the failure of plaintiff to give a good and sufficient bail bond for his appearance before the criminal court of Jefferson county, committed him to jail ; that he retained him there until he executed a good and sufficient bail bond ; that as soon as he executed such a bond, the said Smith, as sheriff, released and discharged the plaintiff from prison and set him at liberty. Each of these allegations, as made, was proved, and there is no conflict in the evidence introduced to sustain these averments. This, then, was sufficient to support the general charge as given, without reference to the issues on the other pleas, on which plaintiff may not have been entitled to the general charge.

5. In such a case, if the plea upon which alone the general charge could be sustained is immaterial or insufficient, as after the trial was suggested as to this plea, the plaintiff's remedy is by motion for a repleader, or for judgment notwithstanding the verdict. The plaintiff did move for such judgment, which the court refused to render.—*Winter & Loeb v. Pool*, 100 Ala. 503 ; *Farrow v. Andrews & Co.*, 69 Ala. 96 ; *Hamner v. Pounds*, 57 Ala. 348; *Locke v. Locke, Ib.* 473; *Mudge v. Treat, Ib.* 1; 1 Chitty on Pl., 668. But if there was error in this matter it was not here insisted on, and will be treated as waived.

The judgment of the court below is affirmed.