## COUNTY OF CHITTENDEN,

### AT THE

### JANUARY TERM, 1865.

PRESENT:

Hon. ASA O. ALDIS,
Hon. JAMES BARRETT,
Hon. LOYAL C. KELLOGG,    } ASSISTANT JUDGES.
Hon. ASAHEL PECK,

BENJAMIN FAIRCHILD *v.* R. M. LAMPSON, AND N. W. FAIRCHILD *Trustee,* AND A. E. COLTON *Claimant.*

#### *Trustee Process.*

A joint debt cannot be the subject of trustee process in a suit against one of the parties alone to whom the debt is due; and a claimant whose claim is not valid may properly raise this objection to the trustee's being holden.

TRUSTEE PROCESS. The commissioner reported that, September 1st, 1856, N. W. Fairchild, trustee in this case, executed and delivered to W. F. Colton and R. M. Lampson his promissory note for $325. payable to said Colton & Lampson or order. Prior to September 1st, 1859, this note passed into the possession of the claimant, A. E. Colton, brother of W. F. Colton, and on that day, on application of A. E. Colton, N. W. Fairchild gave a renewal note, paya-

Fairchild v. Lampson & Tr.

ble to W. F. Colton & R. M. Lampson or bearer, and took up the $325. note. April 28th, 1862, A. E. Colton sued out a writ in his own name against N. W. Fairchild on the renewal note and another note, and caused his real estate to be attached. Prior to May 12th, 1862, Fairchild saw the record of this attachment of his farm in the town clerk's office, and therefrom learned that A. E. Colton had sued him upon said two notes. On the 16th May, 1862, the writ in this trustee suit was served on said N. W. Fairchild. Said renewal note was when given and is still the property of the payees named therein, W. F. Colton and R. M. Lampson, in equal proportions, and no part of it has ever been paid.

The commissioner further found that Benjamin Fairchild, the plaintiff, before and at the time of the commencement of this suit knew from the record of attachment in the town clerk's office that A. E. Colton had commenced his said suit against N. W. Fairchild, but did not find that Benjamin Fairchild at the time his suit was commenced had notice that A. E. Colton claimed to own the notes on which said suit was brought. But on or soon after the 10th of March, 1864, both Benjamin Fairchild and N. W. Fairchild had learned, not from A. E. Colton, but by report, that said A. E. Colton claimed to own the said notes.

The commissioner found that the claimant, A. E. Colton, was not the *bona fide* owner of the notes in question at the time the writ was served upon the trustee; and that the trustee prior to the service upon him had not been legally notified of the sale or transfer of said notes by Colton & Lampson to the claimant or anybody else.

Upon these facts the Commissioner adjudged the trustee chargeable. The claimant excepted to the decision of the commissioner, and insisted that the trustee should be discharged.

Upon the commissioner's report the court at the September Term, 1864, PIERPOINT, J., presiding, adjudged the trustee chargeable,—to which the claimant excepted.

*Dewey & Noble*, for the claimant.

The maker of the $383.50, note is not chargeable for one-half the amount due on it, as trustee of the defendant Lampson.

The simple question presented by the facts found by the commissioner in his report is this : Can the promissor, in a promissory note

which is payable to two joint payees and owned by them in equal proportions, be charged as a trustee of *one* of the payees for one-half of the amount of the note, in a suit against that payee *alone?* The case of *Hanson* v. *Davis* and *Hall Trustee*, 19 N. H. 133, is an authority precisely in point, and is decisive of the question. That case lays down the rule, that a promisor, under such circumstances, cannot be charged as trustee.

*H. B. Smith*, for the plaintiff, maintained that the finding of the facts by the commissioner is conclusive. *Scofield* v. *White's Trustees*, 29 Vt. 330 ; *Lovejoy* v. *Lee & Trustee*, 35 Vt. 430 ; Laws of 1853, §7, p. 11 ; *Towne* v. *Leach & Trustee*, 32 Vt. 747 ; and that the judgment of the county court was correct. *Bartlett* v. *Wood & Trustee*, 32 Vt. 372.

ALDIS, J. N. W. Fairchild owes Lampson & Colton a note for $383.50. Lampson & Colton own the note jointly,—each owning an undivided half. Can the plaintiff hold N. W. Fairchild as the trustee of Lampson alone?

1. The trustee strictly speaking has no credits of Lampson's in his hands. What he has is a fund belonging to Lampson & Colton, jointly. The plaintiff has no right to take a judgment against Fairchild for credits belonging to Colton. He cannot take a judgment for the whole debt due Lampson & Colton.

If he take a judgment for anything it must be for Lampson's undivided half ; and as we have no way to reach that but by a judgment for dollars and cents, the judgment if any must be for half the amount of the debt. If such a judgment be rendered and the plaintiff take out execution and collect it, one half of the sum so collected must be held as belonging to Colton. He has the right to insist that half shall be paid to him as fast as it is paid by his debtor. Shall the plaintiff then be allowed another judgment and execution for his half unpaid to him?

So Colton has the right to sue for and collect his demand at once. He cannot get his half without collecting the whole. Shall he be impeded by having a litigation between the plaintiff and Lampson suspend the collection of his debt? Then if he exercise his right and collect the whole, shall Fairchild who has paid the whole be still liable as trustee?

Fairchild *v.* Lampson & Tr.

As our statutes now stand the court has no power to remedy these inconveniences, nor could we prevent this process from injuriously affecting Colton if we were to apply it to this debt. Legislation might regulate it. The courts of New Hampshire have so ruled. *Hanson* v. *Davis*, 19 N. H. 133. See also 32 Vt. 747.

The plaintiff claims that the decision in *Bartlett* v. *Wood & Trustee*, 32 Vt. 372, that the undivided half of a debtors interest in a chattel in the hands of the trustee may be taken on trustee process, involves the principle for which he here contends. We think not. There is an obvious difference between the rights of the joint owner in a chose in action and a chattel in possession of another. The former must be collected and reduced to possession; it is not to be sold. We have no statute for that.

But the trustee of the chattel has only to deliver it to the sheriff and he sells the undivided half. The rights of the owner of the other half cannot be affected by such sale.

It is only as to his right to possess that his interest can be at all affected, and the decision referred to carefully limits the liability of the trustee to such chattels only as are in his possession, and decides nothing as to the effect of the other joint owner's taking the chattel from the possession of the trustee.

2. It is insisted that the claimant, Addison E. Colton, has no *status* in court by which he can raise the foregoing objection. But it is to be noted that the trustee is held not liable because the joint debt cannot be the subject of trustee process in a suit against Lampson alone; because W. F. Colton's rights may be injured, and not because Addison E. Colton has any claim.

In such a case Addison E. Colton as the holder of the note may object to a judgment not on his own account, but for W. F. Colton. Indeed, where the trustee is to be discharged because the debt he owes cannot be the subject of trustee process and a judgment might enure to the injury of parties not before the court, it would be the duty of the court upon knowledge of the facts to withhold judgment.

Judgment reversed as to trustee and judgment that the trustee is not chargeable.