McNEAL PIPE AND FOUNDRY CO. *vs.* INMAN BROS., trustee and claimant.

October Term, 1896.

Present: ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Trustee Process.*

The defendants contracted with the trustee, the City of Rutland, to lay its water pipes, and, lacking means, induced one Foote to advance them for a share in the profits under an agreement that the defendants and Foote should become incorporated and the contract be transferred to the corporation. The defendants and Foote proceeded with the work as partners until the corporation was formed, when the contract was transferred as agreed. *Held*, that the trustee never became indebted to the defendants alone, but to them and Foote jointly or to the corporation, and was, therefore, not chargeable, regardless of any notice to it of the assignment.

GENERAL ASSUMPSIT. Heard upon the report of a commissioner at the March term, 1896, Rutland County, *Taft*, J., presiding. Judgment that the trustee be discharged. The plaintiff excepted.

*Edward Dana* for the plaintiff.

The contract was between the trustee and the defendants, the work was performed by the defendants and the pay was due to them. There was no notice of any assignment.

*Frank D. White* and *Henry L. Clark* for the claimant.

While the contract was taken in the name of the defendants they were really agents of the claimant by whom the work was entirely performed. The debt was due to the claimant, not to the defendants. *Bartlett* v. *Woodward*, 46 Vt. 100; *Davis* v. *Willey*, 57 Vt. 125; *Carr* v. *Sevene*, 47 Vt. 574; *Smith* v. *Foster*, 36 Vt. 705.

ROWELL, J. The defendants contracted with the city of Rutland, the trustee, for laying water-pipe. They had not sufficient means to enable them to perform the contract, but

expected to obtain means as they subsequently did, but the city did not know it. After the contract was made, but before work was begun under it, they induced Mr. Foote to join them in the undertaking, and to advance the necessary means, on certain terms as to sharing in the profits. To that end the defendants and Foote agreed to organize a corporation consisting of themselves, to be called the Inman Brothers Construction Company, with a capital of $75,000, of which the defendants were to put in $50,000 in tools, machinery, etc., and the good will of their business, including the contract with the city and other contracts, and Foote was to put in $25,000 in cash, for which he was to be secured by the capital stock of the corporation and the control of its finances; and he paid in that amount accordingly from time to time, commencing before the work began.

Although the contemplated corporation was not formed for some time, yet immediately upon the making of said last-mentioned agreement, the defendants and Foote began to act as partners under the proposed corporate name, and continued so to act until the organization of the corporation a short time before the work in question was completed, when they transferred all the business to it, including the contract with the city.

The funds thus contributed by Foote and the remittances received from New York in the name of the Construction Company, were used to pay for labor and materials in performing the contract, and without such contribution and remittances the contract could not have been performed.

Although the contract was originally between the defendants and the city, yet it was wholly performed by the defendants and Foote as partners and by the corporation, of which they were the sole members. Consequently the entire indebtedness of the city for the performance of the contract belongs to them or to the corporation, and cannot be attached by trustee process as the property of the defend-

ants. The city never became indebted to the defendants alone, but to them and Foote jointly, or to the corporation, and they or it could maintain an action against the city in their or its name. This being so, it is unnecessary to inquire as to the sufficiency of the notice of assignment, for no notice was necessary. This holding is fully sustained by *Bartlett* v. *Woodward*, 46 Vt. 100, one phase of which is almost precisely like this case.

*Judgment affirmed.*