LYMAN E. WILLARD *vs*. BURTON WING and FRANKLIN
COUNTY CREAMERY ASSOCIATION, trustee, and
SUSAN B. SOWLES, claimant.

May Term, 1897.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Trustee Process—Fund Held by Defendant and Claimant Jointly.*

The debt sought to be held by trustee process was the price of milk sold
and delivered to the trustee by the defendant. The milk was produced
from cows owned by the claimant and managed by the defendant under
a contract contained in a lease from the claimant to the defendant of a
farm and the cows thereon, whereby the defendant was to pay the
claimant one-half the rents and profits after deducting taxes and
expenses, each party retaining a lien on his undivided share. *Held*, that
the fund was not subject to trustee process, for it was the joint property
of the defendant and claimant.

TRUSTEE PROCESS. Heard on the report of a commis-
sioner at the March Term, 1897, Franklin County, *Ross*,
C. J., presiding. Trustee adjudged chargeable. The claim-
ant excepted.

*E. A. Sowles* for the claimant.

*D. W. Steele* for the plaintiff.

START, J. The principal defendant sold and delivered to
the trustee milk which was produced from cows owned by
the claimant and managed by the defendant, under an agree-
ment in writing whereby the claimant leased her farm, with
certain cows and other personal property thereon, for the
term of one year, the defendant agreeing to pay to the
claimant one-half of the rents and profits, being share and
share alike after deducting the expenses and taxes on the
farm, and each party holding a lien on his undivided share.
By this agreement, the defendant did not undertake to pay
any certain quantity of produce, or a definite sum as rents

and profits. The right of each party to rents and profits was contingent upon there being anything left after paying the expenses and taxes; and in the residue, if any, they were to share alike. In that part of the printed agreement which provides for a re-entry, the word "rent" is stricken out and the words, "income and profits," are inserted. The words thus inserted in place of "rent," the words, "share and share alike after deducting the expenses and taxes," and the words, "each party to have a lien on his undivided share," indicate that the parties intended that each should own one-half of the produce and products of the claimant's farm and cows, and that they did not intend that the claimant should part with her title to the half, which, by the terms of the agreement, was to be hers. We think the agreement is susceptible of this construction, and that the parties were tenants in common of the milk that was sold and delivered to the trustee.

In *Aiken* v. *Smith*, 21 Vt. 172, the defendant leased his farm to the plaintiff for a term of years, the produce to be divided equally between them; and it was held that they were tenants in common of the produce. The holding in *Frost* v. *Kellogg*, 23 Vt. 308, is to the same effect.

It appears from the report of the commissioner, that, shortly after the service of the writ upon the trustee and before the return day, the claimant and defendant had a looking over of the farm accounts, and that there was found due the claimant, on account of products and profits of the farm and money furnished by her, a sum in excess of the amount found in the hands of the trustee. It would seem from this finding, that, at the time the writ was served, the defendant had drawn more than his share of the rents and profits, and that, as between him and the claimant, the rents and profits in the hands of the trustee belonged to the claimant; but, if such were not the fact, the funds in the hands of the trustee belonged to the claimant and defendant jointly and were not subject to process for the sole debt of the defendant.

In *Bartlett* v. *Woodward and Trustee*, 46 Vt. 100, the defendant contracted in his own name to build a bridge for the trustee. One Waterman was, in fact, a partner of the defendant in the transaction, but this was not known to the trustee; and it was held that the trustee was not chargeable for any part of the contract price, in a suit against the defendant to recover a sole indebtedness of his. The holdings in *Towne* v. *Leach and Trustees*, 32 Vt. 747, *McNeal Pipe and Foundry Co.* v. *Inman Bros.*, 69 Vt. 181, *Fairchild* v. *Lampson et al.*, 37 Vt. 407, are to the same effect.

> *Judgment reversed and trustee discharged with costs; costs allowed claimant.*