# Eufaula Grocery Co. v. Missouri National Bank.

### *Action against Bank for Money Had and Received*

1. *Principal and agent; liability of each for money had and received.*—Where an authorized agent receives and holds money, which *ex equo et bono* belongs to another person, the latter may elect to hold either the principal or the agent responsible, and can maintain an action for money had and received against the one so elected to be held.

2. *Same; same; election as to one is a renunciation as to the other.* Where one. who is entitled to elect whether he will hold a principal or his agent responsible for money had and received, has elected to hold the principal, he thereby makes a renunciation of all remedy against the agent; and *vice versa.*

3. *Action for money had and received; when maintainable against a bank for money collected by its agents.*—Where a draft drawn by the seller of merchandise on the purchaser is payable to the order of the cashier of a bank, and such bank sends it to a bank at the place of the purchaser's residence, indorsed for collection on its own account, the purchaser who is the drawee in the draft has a right to treat the sending bank as the principal and the collecting bank its agent; and if, after the payment of such draft. the drawee, for cause, rescinds the sale. he can maintain an action for money had and received against the sending ᴊank, although the money was still in the hands of the collecting bank.

4. *Same; same; admissibility of evidence.*—Where a bank, to whose cashier a draft drawn by a seller of merchandise on the purchaser is made payable. sends such draft for collection on its own account to a bank located at the place of the drawee's residence, and after the payment thereof by the drawee he rescinds the purchase for cause and brings an action against the sending bank for money had and received,

[Eufaula Grocery Co. v. Missouri National Bank.]

the defendant in such action is estopped to deny that it was the owner of the draft; and evidence of facts that such draft was only delivered to it by the drawer for collection, is inadmissible in evidence.

5. *Same; same.*—In an action for money had and received against a bank, to recover back money paid by mistake of fact on a draft drawn on the plaintiff for the price of merchandise, where the said draft. which was sent to a bank where the plaintiff resided, was payable to ·the cashier of the defendant bank and was by it indorsed for collection on its own account to the bank where the drawee resided, the principle that when the owner of a security deposits it for collection, in a bank located remotely from the place of payment, he thereby authorizes such bank to employ a reputable bank, located at the place of payment, to make the collection, has no application.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. JOHN R. TYSON.

The appellant, the Eufaula Grocery Company, a corporation, brought the present suit against the apellee, the Missouri National Bank, to recover for money had and received. As ancillary to the suit, the plaintiff sued out a writ of garnishment, which was served upon the Eufaula National Bank. The cause was tried on the plea of the general issue.

On the trial of the cause, the plaintiff introduced evidence tending to show that on July 30, 1895, it purchased a car load of hay from J. A. Brubaker & Co. of Kansas City, Mo.; that said Brubaker & Co. shipped the car load of hay to the plaintiff, and drew on it for the price of said hay, with bill of lading attached to the draft. This draft was in words and figures as follows: "Kansas City, Mo., Aug. 1st, 1895. On arrival of car of hay, pay to the order of R. D. Covington, cashier, $131.50, (one hundred and thirty-one and 50-100) value received, and charge to my account with exchange.

"To Eufaula Grocery Co., Eufaula, Ala. [Signed] J. A. Brubaker & Co."

Said draft was indorsed as follows: "For collection account of Missouri National Bank. Aug. 3, 1895. Kansas City, Mo." This draft, with bill of lading attached, was sent by defendant to the Eufaula National

Bank at Eufaula, Alabama, for collection. The plaintiff paid the draft to the Eufaula National Bank, and took possession of the hay. On inspection it was discovered that the hay was molded, decayed and unmerchantable. Thereupon the plaintiff notified Brubaker & Co. of the condition of the hay, and demanded a return of the money. Upon Brubaker & Co. making no reply to such demand, the plaintiff instituted the present suit and garnished the Eufaula National Bank. It was shown that the garnishment was sued out and served on the Eufaula National Bank before it had remitted the money and while the money was in its possession.

The defendant introduced the depositions of R. D. Covington, its cashier, and J. A. Brubaker, V. B. Martin and A. Harding. These witnesses severally testified that the Missouri National Bank did not buy said draft from Brubaker & Co., but that it was simply indorsed by said Brubaker & Co. to said bank for collection. The plaintiff objected to this testimony. The court overruled the objection, and to this ruling the plaintiff duly excepted. There was other evidence for the defendant tending to show that at the time the hay was shipped to the plaintiffs it was in good condition.

Upon the introduction of all the evidence, the court, at the request of the defendant, gave to the jury the general affirmative charge. The plaintiff duly excepted to the giving of this charge. There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

S. H. DENT, JR., for appellant.—The right of recission having been exercised and plaintiff having been compelled to pay for the goods before inspection, it had the right to sue, in an action for money had and received, the person in whose possession the money was or to whom the same was paid.—*Levinshon v. Edwards,* 79 Ala. 293; *Lea v. Cassen,* 61 Ala. 312; 3 Brick. Dig. 51.

The Eufaula Bank simply held the money as agent for the defendant bank, the draft having beeen indorsed by the latter to the former by a restricted indorsement. *Peoples Bank v. Jefferson County Sav. Bank,* 106 Ala.

524. The holding then by the Eufaula Bank in its ca-
pacity as agent simply for defendant bank was in law
the possession of defendant. Defendant then being in
possession of money which *ex æquo et bono* belonged to
plaintiff, it was liable in the form of action in this case
for the same. If then appellée had the money, whether
in its own right by virtue of the indorsement to it of the
draft, or merely as collecting agent for Brubaker & Co.,
the drawers of the draft, it was in duty bound to return
the same, there being no question of a *bona fide* pur-
chase by it.

According to the undisputed evidence in the case, de-
fendant simply acted as the collecting agent of the
drawer of the draft and held the money as such; the
same having been received from plaintiff under mis-
take or ignorance of facts. The law is well settled that
an action lies against an agent, who has received money
to which his principal has no right, if the agent had
notice not to pay it over.—*Upchurch v. Norsworthy*, 15
Ala. 705; Story on Agency, §300; *Thompson v. Stick-
ney*, 6 Ala. 579; *Garland v. Salem Bank*, 9 Mass. 408.

A. H. MERRILL, *contra.*—The defendant in the
court below was the agent of J. A. Brubaker & Co., of
Kansas City, Mo., to collect from appellant a draft for
a car of hay. The Eufaula National Bank of Eufaula,
Ala., was also the agent of said J. A. Brubaker & Co.
to collect this draft,—it was a sub-agent. The money
when paid to the Eufaula National Bank was the money
of Brubaker & Co., and not of defendant, and Brubaker
& Co. could have, by notice to the Eufaula National
Bank, prevented a payment of it to appellee. If defend-
ant had become insolvent before the Eufaula National
Bank had paid the money over to it, Brubaker & Co.
could have, in a suit, collected this money from the Eu-
faula National Bank, on the plain principle of law that
the bank making the actual collection "is the agent of
the owner of the draft, and not merely the agent of the
bank in Kansas City, to which the draft had been de-
livered."—*Daly v. Butchers' & Drovers' Bank*, 17 Amer.
Rep. 663.

"When a bank receives a draft for collection it does
not become a debtor for the amount of the draft until

after collection and possession of the proceeds."—
*Evansville Bank v. German Amer. Bank,* 155 U. S. 557.

A bank transmitting a draft for collection, not be-
coming the debtor of its principal until after it has
actually obtained possession of the proceeds, the funds
in the possession of the guilty bank is the property of
the original party who delivered the draft to the first
bank; and it is impossible for the bank to whom the
draft was originally delivered to be made liable to a
third party for a violation of the contract between it
and the drawer of the draft. "An agent who rightfully
receives money for his principal, which the latter ought
to have paid over to a third person, is not liable to an
action in respect thereto, though he has not in fact
paid it over to his principal. The action must be
against the latter, the principal.—*Costigan v. New-
land,* 12 Barb. 456; *Bigelow v. Davis,* 16 Barb. 561.

The proof shows clearly that defendant was merely
the collector or receiver of the proceeds of this draft,
and an action for money had and received can not be
maintained against it. The rights between the Eufaula
Grocery Company and J. A. Brubaker & Co. as to the
condition of the hay and the warranty thereof can not
be tried in a suit against the collector appointed by Bru-
baker & Co. to collect this draft, especially before it re-
ceives the money. The suit, if it could be maintained
at all, should have been against Brubaker & Co.—the
principal.—Story on Agency, §301, note p. 406, 407;
*Stephens v. Wilkinson,* 2 B. & A. 324; *National Com-
mercial Bank v. Miller & Co.,* 77 Ala. 168; 2 Greenl. on
Evidence, §125.

HEAD, J.—It is a principle maintained by many of
the courts, that when the owner of a security deposits
it, for collection, in a bank located remotely from the
place of payment, be thereby impliedly gives the bank
authority to employ another reputable bank, located at
or near the place of payment, to make the collection;
and, in such case, the collecting bank becomes the agent
of the owner, and the receiving bank rests under no lia-
bility to the owner, unless and until the money comes
actually to its hands. Losses, in respect of collection,
resulting from the defaults or failures of the collecting

bank, fall upon the owner. The doctrines of some of the States, notably New York and Ohio, are to the contrary. For a full presentation of both views of the question, and collection of authorities, see 3 Amer. & Eng. Encyc. of Law, pp. 809-813, (2d ed.). The case of *Guelich v. National State Bank,* 56 Iowa, 434, 41 Amer. Rep. 110, gives a valuable discussion of the subject, and the authorities *pro* and *con*. Of course, under neither rule, is the collecting bank, receiving a paper apparently belonging to its correspondent—another bank—under such obligations to the real owner as would prevent it dealing with its correspondent, as owner, until it receives notice from the real owner of his rights.

We are not aware that the disputed question, above noted, has ever been the subject of consideration or decision in this court, and we deem it unnecessary to be decided in this case. In either view of it, we are of opinion that the action in this case was maintainable, and will, therefore, assume, for the purposes of the cause, that the rule, as first above stated, is the true one—that being the more favorable to the defendant.

Applying it then to the present case, the Missouri National Bank of Kansas City, Mo., receiving the draft from Brubaker & Co. for collection, was authorized to send it to the Eufaula National Bank, of Eufaula, Ala., where the debtor resided and it was payable, for collection; and no cause of action arose, or could arise, in favor of Brubaker & Co. against the Missouri National Bank, for the money, until it actually received it, notwithstanding the collection had been made by the Eufaula Bank. So that, at the time this suit was brought, the money in question was not to be regarded as being in the hands of the defendant, the Missouri Bank, so far as any rights of Brubaker & Co. in reference thereto, were concerned.

But, the question here is, whether, under the circumstances of this case, the principle has any application to the suit of the present plaintiff, who, for cause, rescinded the sale of the hay, for the price of which the draft was drawn, and now seeks to reclaim the money paid, suing the Missouri National Bank for money had and received, depending upon the collection and custody

of the money by that bank's supposed agent—the Eufaula National Bank.

The general proposition can not be well denied, that where a person, as authorized agent of another, receives and holds money which *ex equo et bono* belongs to a third, the latter may elect to hold either the principal or the agent responsible (the latter by giving him notice of the election before he pays the money over to the principal), and maintain an action for money had and received against the party so .elected to be held.—2 Greenl. Ev., (15th ed.), 125, and authorities there cited; Story on Agency, 266-68, 300, 301; Paley on Agency (by Lloyd) pp. 388-94; *Kennedy v. B. Ins. Co.*, 6 Am. Dec. 499; 2 Encyc. Pl. & Pr. 1021. The case of *Cook v. Cook*, 28 Ala. 660, is also directly in point. An election to hold the one is a renunciation of all remedy against the other. If the principal be sued, he must be at liberty to receive the money from the agent. The plaintiff can not coerce money out of him, and, pending the proceeding for that purpose, stop it in the hands of the agent, depriving him, the principal, of the means of obtaining it to meet the plaintiffs' recovery against him. For the same reason, if the elction is to hold the agent, and the proper notice is given to stop the money in his hands, the principal could not, thereafter, be properly sued. The remedies are, indeed in every respect, inconsistent, not concurrent.—*Fowler v. Bowery Savings Bank*, 113 N. Y. 450; 10 Am. St. Rep. 479, and note. So that, if the Missouri Bank and the Eufaula National Bank held, as to the plaintiff, the Eufaula Grocery Company, such a relation of principal and agent between themselves, in respect of the money in controversy, as that the principal, the Missouri Bank, was responsible to the plaintiff, the institution of suit against that bank was an irrevocable renunciation of all right, on its part, to stop the money in the hands of the Eufaula Bank, or to maintain any action against that bank for it. In fact, the plaintiff took no steps at all to stop the money in the hands of, or to fix a liability upon, the Eufaula Bank, as its debtor, for, or on account of, the money. On the contrary, for the evident purpose of condemning this particular money, as the property of the Missouri National Bank, it caused it

to be attached, by the service of garnishment on the Eufaula National Bank, thereby renunciating all demand or right of action against the Eufaula National Bank for the same. By this act, the Eufaula Bank became obliged to hold the money, as the property of the Missouri Bank, to answer the plaintiff's garnishment and condemnation thereof, in the event of its recovery against the Missouri Bank—a holding entirely inconsistent with any right of action against it by the plaintiff.

Then, to recur to the main question: Under the particular facts disclosed by the record, had the plaintiff the right to treat the Missouri Bank as a principal, and the Eufaula Bank its agent, in the matter of the collection of the money from the plaintiff, and the detention thereof from the plaintiff, after it, the plaintiff, became, by the rescission, entitled to reclaim the same?

It will be noticed that the paper collected was in the shape of a draft drawn by Brubaker & Co. on the plaintiff, payable, "on the arrival of car of hay," to the order of R. D. Covington, cashier. Covington was cashier of the Missouri National Bank. It bore no indication of being the property of Brubaker & Co., merely deposited with the Missouri Bank for collection, for the account of Brubaker & Co. Whilst the plaintiff knew that the draft was drawn for the price of the hay purchased by it from Brubaker & Co., it did not know (indeed, the draft itself taught it to the contrary) that the draft had not been purchased by the bank, and was not its property. This status was emphasized by the further fact that the Missouri Bank endorsed the draft to the Eufaula Bank for collection for its own account. So far, then, as the plaintiff was informed, the claim was the property of the Missouri Bank, and it was its, the plaintiff's, right and duty to so treat it.

As a conclusive test of the correctness of this proposition, let us suppose that the fact had really been, as the face of the draft imported, that the Missouri Bank was the real owner of the paper, and after its presentation to the plaintiff for payment by the Eufaula Bank, showing on its face that it belonged to the Missouri Bank, the plaintiff had remitted the amount to Brubaker & Co., who failed to account for it to the Missouri Bank,

would the payment to Brubaker have been a defense to plaintiff when sued by the Missouri Bank? Unquestionably not. Though the plaintiff, not being a party to the draft, was not suable upon it, yet, in the case supposed, the draft operated, at least, as an equitable assignment of the claim to the Missouri Bank, which plaintiff, upon being notified thereof, was bound to respect, upon pain of liability, in some form, to the Missouri Bank.—*Curry v. Shelby,* 90 Ala. 277. Hence it must, necessarily, be true, that when the paper was presented to the plaintiff for payment, it was not only its right, but duty, knowing no other facts, to take it and treat it, as and for what, on its face, it called for; and the law will measure all its, the plaintiff's, rights and liabilities, touching its payment, by that standard. The result plainly is, that the plaintiff paid this money to the Missouri Bank (by payment to its agent, the Eufaula Bank, whose agency was created by the special endorsement on the draft), as its owner, knowing no other owner; and the Missouri Bank, placing itself in that position toward the plaintiff, thereby inducing the plaintiff to make the payment to its agent for its use, will not be heard to say that it was not the owner of the draft, that the collection was not made for its use, when, by reason of some equity, the plaintiff becomes entitled to reclaim the money. *Non constat,* if the draft had shown that Brubaker & Co. were the principals, and both banks mere collecting agents for them, the plaintiff would not have made payment, until, upon examination of the hay, it was found to be such as purchased. It might have been willing to pay the Missouri Bank and take that bank's responsibility for any reclamation to which it might become entitled, when it would not have been willing to pay Brubaker & Co., and take their responsibility. The plaintiff being justified (and, indeed, required) by the face of the paper, to treat the Missouri Bank as its owner, and having done so, and paid the money to its authorized agent, the relation of Brubaker & Co. to the transaction, as between them and the Missouri Bank, arising out of the (to the plaintiff) unknown fact that that bank really received the paper for collection for Brubaker & Co., and not as its own property, must be left out of consideration, or

else we subvert the contractual rights of the plaintiff, and impose upon it disabilities for which it, not only, did not, but against which it did, contract.

In the case of *Cook v. Cook*, 28 Ala. 660, *supra*, wherein it was held that a principal was liable to an action for money had and received, where his authorized agent received money belonging to another, although not paid over to the principal, Judge Walker used this terse language: "It would be unjust and inconsistent with the analogies of the law, to permit a principal, whose agent had, by his authority, received money, to excuse himself from responsibility, by saying that he had no right to the money. It would be to allow him to take advantage of his own wrong." That is this case, in as few words as it can be stated, and it is conclusive that this defendant can not repudiate, as against this plaintiff, the agency of the Eufaula Bank to make the collection for its use, as owner of the demand.

It was upon these principles that the plaintiff proceeded to sue the Missouri Bank, and on the trial to object to the proof of the extrinsic fact that the Missouri Bank was only a collecting agent. The admission of that evidence had the effect of denying to plaintiff its rights, acquired by the payment of the money to the Missouri National Bank, through its agent, without knowledge of, or reference to, the fact so proven; but, on the contrary, upon a state of facts, shown by the draft itself, brought about by Brubaker & Co. and the Missouri Bank, fixing, as to the plaintiff, the status of the paper.

It is clear, we think, that there was error in the admission of said evidence; not that it offended the rule against contradicting written instruments by parol, but because the plaintiff acted and acquired its rights without knowledge of the facts proposed to be proven. It is manifest also, upon the principles of this opinion, that the court erred in giving the general charge for the defendant.

This case is mainly defended by the appellee, by an effort to apply to the plaintiff the principle first above announced, which would exempt the defendant (appellee), who had not actually received the money from the Eufaula Bank which collected it, from an action at the

suit of Brubaker & Co.—the defendant, under that rule, being as between it and Brubaker & Co., only the agent of the latter to forward the draft, for collection, to a bank at the debtor's residence, and to account for the proceeds when they should be actually received from such collecting bank.

We think, upon the considerations herein expressed, that the principle is not applicable to the plaintiff's suit.

The rescission of the sale of the hay had reference to the time of the sale. By relation, the plaintiff was deemed owner of the money at the moment it was paid. It was money paid in mistake of fact, and its receipt was possessed of the same attributes as the receipt of money equitably belonging to the plaintiff under any other circumstances.

Judgment reversed and cause remanded.