# W. L. Murdock Brokerage Co.,
## v. Collins.

*Garnishment.*

(Decided June 30, 1906.  40 So. Rep. 96.)

2. *Garnishment; Delivery of Personal Property; Statute.*—Sec. 2192 of Code of 1896, does not apply where the garnishee is merely holding property for the benefit of the defendant, to which garnishee asserts no title; and applies only where garnishee is liable to the defendant for the delivery of property under a contract, or the payment of a debt in property.

2. *Same; Possession of Property; Judgment.*—Where the garnishee answers that he is in possession of property which he is holding for the defendant, a judgment requiring the garnishee to deliver such property to the sheriff, or in default of delivery to pay to the sheriff the value of such property, is not in substantial conformity to § 2193 of Code of 1896, and cannot be sustained.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by R. E. Collins against the Pacific Selling Company, in which the W. L. Murdock Brokerage Company was garnished.

The facts are sufficiently stated in the opinion of the court. The following was the judgment in the case: It is further ordered and considered by the court that said garnishee has now and did have at the time of the service of the writ of garnishment in said cause eighty-five

cases of salmon, the property of the defendant in this cause, subject to be delivered to said defendant at any time and the value of said salmon is $340.00. It is further considered and ordered by the court that the said salmon be delivered by the garnishee W. L. Murdock Brokerage Co., to the sheriff of Jefferson county on or before the fourteenth day of June, 1904, and in default of such delivery to the said sheriff, the said garnishee pay to the plaintiff the value of said salmon, to-wit, $340.00, for which execution may issue, then follows an order for the sale of the salmon.

CABANISS & WEAKLEY, for appellant.—A judgment against the garnishee, which fails to recite the fact and amount of the judgment against the defendant, is fatally defective.—*Drake v. Curd-Sinton Mfg. Co.,* 102 Ala. 339; *Bradley Fertilizer Co. v. Pollock & Co.,* 104 Ala. 402; *Byers & Robinson v. Baker, Peterson & Co.,* 104 Ala. 173; *Faulks v. Heard & Due,* 31 Ala. 516; *Gunn v. Howell,* 27 Ala. 663; *Case v. Moore,* 21 Ala. 758.

In an attachment suit against a non-resident, unless the court issuing the attachment has acquired jurisdiction of the person of the defendant, by the issuance of the notice required by the statute, the mere levy of the writ of attachment upon the property of the defendant, does not confer jurisdiction or authorize a personal judgment against the defendant, or the condemnation of the property levied upon.—*Wilmerding v. Corbin Banking Co.,* 126 Ala. 268; *Exchange Bank of Spokane v. Clement,* 109 Ala. 270; *Soulard v. Vacuum Oil Co.,* 109 Ala. 387; *Pullman Palace Car Co. v. Harrison,* 122 Ala. 149.

To sustain a judgment by default, against a non-resident defendant, who was not personally served with notice, the suit being commenced by attachment, the record must show that proof was made to the court of all of the facts necessary to constitute constructive notice of publication, and the mere recital in the judgment entry, that notice was given as required by law, not stating the facts, is not sufficient to sustain the judgment on appeal.—*Meyer & Co. v. Keith,* 99 Ala. 519; *Diston & Sons v. Hood,* 83 Ala. 331; *Brinsfield v. Austin,* 39 Ala. 227;

*Dow v. Whitman,* 36 Ala. 604; *Hunt v. Ellison,* 32 Ala. 173; *Keiffer v. Bartley,* 31 Ala. 192; *Clark v. Gilmer,* 28 Ala. 265; *Cullom v. Bank,* 23 Ala. 797; *Hodges v. Wise,* 16 Ala. 509; *Hartley v. Bloodgood,* 16 Ala. 232; *Butler v. Butler,* 11 Ala. 668; *Johnston v. Hainesworth,* 6 Ala. 443; *Walker v. Hallett,* 1 Ala. 379.

In an action against a non-resident, commenced by attachment, there cannot, without a personal appearance, be a personal judgment rendered against the defendant. In such case, the judgment rendered has no effect beyond the property attached; and the statute authorizing execution on the judgment to be levied on other property of the defendant, does not apply.—*Exchange Bank of Spokane v. Clement,* 109 Ala. 270; *Soulard v. Vacuum Oil Co.,* 109 Ala. 387.

To support a judgment against the garnishee, there must be a personal judgment against his creditor, and that judgment must precede or attend the judgment against the garnishee.—*Lee and Wife v. Ryall,* 68 Ala. 354.

In order that the garnishee may be protected, by virtue of the garnishment proceedings, from subsequent liability to the defendant, it is essential that the court should have had jurisdiction of the defendant, of the garnishee, and of the property of creditor in the hands of the latter, sought to be reached by such proceedings; and therefore, when there are such defects in the proceedings as go to the jurisdiction of the court, the garnishee can not rely on such proceedings as a defense to subsequent liability to defendant.—*L. & N. R. R. Co. v. Nash,* 118 Ala. 477; *A. G. S. R. R. Co. v. Chumley,* 92 Ala. 317; *L. & N. R. R. Co. v. Dooley,* 78 Ala. 524; 14 Am. & Eng. Enc. Law, 884.

The general rule, that where a special authority, in derogation of the common law, is conferred by statute on a court of general jurisdiction, it becomes, *quoad hoc,* an inferior or limited court, is applied to garnishment proceedings in courts of general jurisdiction, and it is therefore held, that where a judgment in such proceedings is relied upon by the garnishee, in defense of sub-

sequent liability to the defendant, the facts necessary to the jurisdiction of the court must appear on the face of the proceedings.—14 Am. & Eng. Enc. Law, 885; *Gunn v. Howell,* 27 Ala. 663; Ib., 62 Am. Dec. 785

FRANK S. WHITE & SONS, for appellee.—If the judgment is erroneous, this court will not reverse and remand, but will correct and affirm.—*Rainey v. Peebles,* 108 Ala. 476; *Gray v. Raiborn,* 53 Ala. 40; *Tobias v. Treist,* 103 Ala. 664; *Seisel v. Farmer,* 103 Ala. 491; *Arnold v. Cofer,* 135 Ala. 364; *Kennon v. Adams,* 100 Ala. 288. The practice act of the Jefferson circuit court involving amendments of the character which we claim ought to be made in this case, was construed in the case of *Kyle v. Carrabello,* 103 Ala. 150.

DENSON, J.—The plaintiff, R. E. Collins, commenced a suit by attachment in the circuit court of Jefferson county against the defendant, Pacific Selling Company, on the ground of the non-residence of said company. The attachment was issued on the 15th of July, 1903, and was levied on 1,062 cases of salmon as the property of the defendant in attachment. The return of the sheriff was made July 15, 1903. On the 3d day of March, 1904, the plaintiff filed his complaint, and on the following day, namely, the 4th day of March, 1904, judgment was rendered in favor of the plaintiff, against the defendant on appearance of the parties, as shown by the minute entry, for the sum of $1,950. In the judgment entry 62 cases of the salmon levied on were condemned to sale; the other 1,000 cases having been claimed by a third party.

On the same day that the judgment was rendered an alias writ of attachment was issued in the usual form. The alias writ was executed on the 3d day of March, 1904, by the sheriff summoning the W. L. Murdock Brokerage Company and others as garnishees of the defendant in attachment. On the first day of April, 1904, the W. L. Murdock Brokerage Company answered that it was not indebted to the defendant, that it will not be liable to defendant for the delivery of personal property, or for the payment of money which may be discharged by the

delivery of personal property, or which is payable in personal property, but that it had in its possession or under its control 85 cases of canned salmon belonging to defendant. The answer was subsequently amended by adding that the garnishee held said salmon subject to delivery to said defendant at any time from the date of the answer, and that said salmon were of the value of $4 per case. On the 11th day of June, 1904, the court rendered judgment against the garnishee, requiring it to deliver the 85 cases of salmon to the sheriff of Jefferson county on or before the 14th day of June, 1904, and that in default of delivery to the sheriff the garnishee should pay the plaintiff the value of the salmon, to-wit, $340. It is manifest that in entering the judgment the court was endeavoring to conform to section 2192 of the code of 1896, and in doing so we think the court fell into an error.

That section is applicable only when there is a liability on the part of the garnishee to the defendant for the delivery of personal property; for instance, a contract by which the garnishee has promised to deliver to the defendant personal property in discharge of the contract, or where the garnishee is liable to the defendant for the payment of money which the contract creating the liability stipulates may be discharged by the delivery of personal property. The garnishee's answer shows no liability of the kind mentioned in either category. So far as the answer goes, the title to the salmon was never in the garnishee, and it never asserted any title to the salmon. On the contrary, the answer expressly alleges that the 85 cases of salmon belonged to the defendant in attachment. In this state of the case, we think the answer of the garnishee falls clearly within the provisions of section 2193 of the code, and that the court in rendering judgment should have conformed to that section.

In *Jones v. Crews*, 64 Ala. 368, § 2193 of the code was to some extent construed. At that time (1879) § 2192 of the code did not exist, and there were only two classes of cases in which judgment might be rendered in favor of the plaintiff in garnishment: "First, where a debt

was admitted, or shown to be due from the garnishee to the judgment or attachment debtor, in which case a judgment might be rendered against the garnishee, for a fixed, ascertained sum and collected by execution as other money judgments are. In the second class, cases in which the garnishee admits his possession of chattels of the defendant. No personal judgment is rendered against the garnishee, in the second instance, except an order and direction that he deliver the chattels upon the demand of the sheriff after the rendition of judgment in favor of the plaintiff in the original suit, or so much thereof as may be necessary to satisfy the judgment. If he delivered the chattels on such demand, he is discharged. It is only when he fails to deliver on demand, that any blame attaches to him, or any final process for the collection of money can be issued against him." If he fails to deliver the property to the sheriff on demand, the sheriff is required to make return thereof to the clerk, who must thereupon issue an execution against the garnishee in favor of the plaintiff for the amount of the judgment and costs.

Garnishment is a proceeding of purely statutory creation, and while the court is inclined to construe it favorably, as remedial and beneficial, yet, being a statutory proceeding, parties seeking to collect debts through its aid must conform substantially to the requirements of the statute. We think it clearly appears from an inspection of the judgment rendered against the garnishee that it fails to substantially conform to code 1896, § 2193, even if it might be considered that the court was attempting to comply with that section.

As the answer of the garnishee did not authorize or empower the court to proceed under section 2192 of the code, and the judgment is fatally defective as a judgment under section 2193 of the code, the judgment against the garnishee must be reversed and the cause remanded.

Reversed and remanded.

McCLELLAN, C. J., and DOWDELL and SIMPSON, JJ., concur.

DENSON, J. (On rehearing.)—We all concur in the conclusion that instead of remanding the cause the judgment of the lower court should be reversed, and that a judgment should be here rendered against the garnishee (appellant) on its answer in favor of the plaintiff (appellee), to conform to section 2193 of the code of 1896, and it is so ordered. The costs will be adjudged against the appellee.

Reversed and rendered.

HARALSON, TYSON, DOWDELL, SIMPSON, and ANDERSON, JJ., concur.