# Feore *v.* Mississippi Transportation Co. A. Berg, Garnishee.

## *Garnishment.*

### (Decided June 3, 1909.  49 South. 871.)

1. *Garnishment; What Demands Subject to.*—It is only where defendant in garnishment could maintain debt or indebitatus assumpsit against the garnishee for the demand that garnishment lies to subject a money demand to the satisfaction of the plaintiff.

2. *Same; Charter Party.*—Where the owner of a vessel had arranged with a bank for a credit in favor of the master of a vessel not to exceed $5,000.00, under which arrangement the master's check would be honored by the bank within that limit, and the charterer of the vessel was entitled under the terms of the charter party to about $1,000.00 after allowing all proper credit, a creditor of the charterer could not garnishee the master who had not drawn on the bank at the time he was served as garnishee.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by James J. Feore against the Mississippi Transportation Company as defendant with garnishment for A. Berg. From a judgment in favor of the garnishee, plaintiff appeals. Affirmed.

PILLAN, HANAW & PILLANS, for appellant.—Under the facts in this case debt or indebitatus assumpsit will

[Feore v. Mississippi Transportation Co. A. Berg, Garnishee.]

lie against the master as agent of the transportation company.—*Euf. Groc. Co. v. Nat. Bank,* 118 Ala. 408; Denlap's Taley's Agency, star p. 394; *Cunningham v. Baker,* 104 Ala. *Roman v. Dimmick,* 26 South.; *Coleman v. Hatcher,* 77 Ala. and *Howard-Harrison's Iron Works case,* 103 Ala. have no baring upon this case.

GREGORY L. & H. T. SMITH, for appellee.—The proposition contended for by appellant has been settled adversely to him in the following cases.—*Howard Harrison I. W. Co. v. Tillman,* 103 Ala. 121; *Roman v. Dimmick,* 26 South. 214; *Coleman v. Hatcher,* 77 Ala. 217.

McCLELLAN, J.—Feore was a creditor, it appears, of the Mississippi Transportation Company. That company was the charterer of the steamship Beta, of which vessel A. Berg was the master. The vessel was owned by Henson & Closter, of Germany. Under the terms of the charter party the charterer was entitled, after allowing all proper credits, to about $1,000. Feore caused writ of garnishment to be served on Berg, as master of the ship, in an effort to enforce payment of his demand against the Mississippi Transportation Company. Berg answered, in a form agreeable to the plaintiff, that he was without contractual relation, present or prospective, with the defendant in the writ of garnishment; that Henson & Closter, the owners of the vessel, had arranged with the Leinkauf Banking Company, of Mobile. a credit, in his favor as master, of not exceeding $5,000. The nature and effect of this credit was the subject of thorough investigation on the hearing. From the answer, on deposition, in that connection, we conclude that the arrangement made was that the master's drafts or checks would be honored by the Leinkauf Banking Company within the limit stated. It is settled with us, and not controverted by this appellant, that garnishment is serviceable in this state to subject a

[Feore v. Mississippi Transportation Co. A. Berg, Garnishee.]

money demand to the satisfaction of a plaintiff's demand only when the defendant in garnishment could maintain debt or indebitatus assumpsit against the garnishee to enforce his demand.—*Roman v. Dimmick,* 123 Ala. 366, 375, 26 South. 214; *Cunningham v. Baker,* 104 Ala. 160, 168, 16 South. 68, 53 Am. St. Rep. 27. Could the defendant here, the transportation company, maintain that form of action against the master of the vessel?

The theory upon which the appellant relies is that the debtors (Henson & Closter) of the transportation company had placed under the control or in the hands of the master of the Beta funds with which to satisfy the demand of the defendant against them. The facts, as we have indicated, were, though reviewed with the utmost favor to the appellant, that, instead of having funds of Henson & Closter in his hands or under his control, the master had only a power of demand for funds upon the Leinkauf Banking Company. In other words, the master's status was that of one vested with the power to demand and receive funds from a third person (the banking company) ; such funds being (let us assume) on deposit as those of the master's principal. Obviously, until the demand was made and complied with, the master had no funds of his principal in his possession or under his control. Such being the case, the principle declared in *Coleman & Carroll v. Hatcher,* 77 Ala. 217, 220, 221, applied to deny any right of action to the transportation company to recover from the master, for the reason that the authority and power conferred on the master by Henson & Closter was revocable by them at their option. If, of course, the master had drawn funds of his principals, in order to pay the debt to the transportation company, under the direction of Henson & Closter, then the right of the transportation company to recover in assumpsit would have been available to it. But the funds had not been drawn when this writ was

[Feore v. Mississippi Transportation Co. A. Berg, Garnishee.]

served on the master, and hence the transportation company had no right of action against the master, who had not exercised the power, revocable at the option of Henson & Closter. And we may add that the very nature of the method for the exercise of the power to avail the credit with the banking company refutes any idea that the repository of the power had possession or control of funds of Henson & Closter. If the master here should be held as if in possession or control of funds of his principals, the manifest result would be that an agent' was made the grantor, in effect and without consideration, of not only the solvency of both his principal and the bank on which he was empowered to draw, but also to assure against the revocation of his power, existing at the opinion of his principal only. Such a result would necessarily work injustice, even if legally permissible. When an agent has funds in his hands subject to recovery by the defendant in the writ of garnishment, of course, no such consequences are possible.

Counsel for appellant cite in support of their contention the cases of *Eufaula Grocery Co. v. Missouri Bank,* 118 Ala. 408, 24 South. 389, and *Cunningham v. Baker,* 104 Ala. 106, 16 South. 68, 53 Am. St. Rep. 27. Both of these decisions involved garnishment, where the garnishee had possession in his or its hands of funds of the defendant in the writ, and hence are not authoritative on the real question at bar.

The views entertained, as stated, render it unnecessary to decide whether the plaintiff in garnishment may elect for the defendant in the writ, whether the agent or the principal will be proceeded against as upon the demand due the defendant.—See *Eufaula Grocery Co. v. Missouri Bank, supra.*

The judgment, it follows, must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ.. concur.