[Allen v. Woodruff.]

# Allen *v.* Woodruff.

*Assumpsit.*

(Decided June 30, 1911.   56 South. 247.)

1. *Garnishment; Property Subject.*—Where a post master had two bank accounts, one in his own name in which he deposited his individual funds, and another, in his name with the initials "P. M." attached, in which he deposited the government funds, an attaching creditor could not reach the funds of the government held in the name of the post master, notwithstanding the post master could, in his own name, have recovered those funds in an action against the bank, since such recovery would have been for the benefit or the use of the government.

2. *Garnishment; Nature of Remedy.*—Garnishment proceedings are provided to enable a creditor to reach funds of a debtor which cannot be reached by execution, but which in equity and good conscience should be applied to the payment of the creditor's debt.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Assumpsit by C. W. Allen against Lea Woodruff with garnishment in aid of suit to the Robertson Banking Company. From a judgment for garnishee plaintiff appeals. Affirmed.

C. K. ABRAHAM, and BEN F. ELMORE, for appellant. The deposit was a general and not a special deposit, and the relationship of debtor and creditor existed between Woodruff and the bank.—*Ray v. Inc. Co.,* 34 Ala. 58; *Alston v. The State,* 92 Ala. 124; *Curtis v. Parker,* 136 Ala. 217; *Clisby v. Mastin,* 150 Ala. 132. Under the answer the garnishee was liable to Woodruff for the debt, for which Woodruff could have maintained indebitatus assumpsit in his own name.—*Nat. Com. Bank v. Miller,* 77 Ala. 168, and authorities supra. It, therefore, follows that the court below erred in not rendering judgment against the garnishee on his answer.

HENRY McDANIEL, for appellee. No brief came to the Reporter.

DE GRAFFENRIED, J.—Lea Woodruff is the United States postmaster at the city of Demopolis, and has been accustomed to keep two accounts with the Robertson Banking Company, a corporation doing a banking business in said city. One of the accounts was kept in the name of "Lea Woodruff," and the other in the name of "Lea Wooruff, P. M." The individual moneys of Lea Woodruff were placed to his credit as "Lea Woodruff," and were checked out by him with checks signed by him in that way. The funds deposited to the credit of "Lea Woodruff, P. M.," were moneys of the government of the United States, and were checked out by him, by checks signed "Lea Woodruff, P. M.," and only in that way. In other words, the account of "Lea Woodruff" represented the indebtedness of the bank to said Woodruff, on account of his own personal funds, deposited by him in the bank, and the account of "Lea Woodruff, P. M.," represented the indebtedness of the bank to said Woodruff as postmaster at Demopolis, on account of funds of the federal government, deposited by him in said bank. There is no dispute as to the above facts.

On the 3d day of February, 1910, appellant, C. W. Allen, recovered a judgment against the appellee, Lea Woodruff for the sum of $279.74 and costs of suit and on the 9th day of July, 1910, the Robertson Banking Company was served with process of garnishment issued upon said judgment. At the time of the service of said process of garnishment, there was no money in said bank to the credit of the said "Lea Woodruff" account, but there was to the credit of "Lea Woodruff, P. M.," the sum of $90.29, balance of funds of the government, which he had deposited in said bank to said account.

On the final hearing, the court refused to condemn said fund to the payment of said judgment and rendered judgment discharging the garnishees, and from this action the plaintiff in the judgment appeals.

It is not claimed that any funds deposited to the account of "Lea Woodruff, P. M.," were the individual funds of the defendant in execution; it is admitted that all funds so deposited were, in fact, the funds of the federal government. There arises, therefore, no question of fraud. The appellant claims that he was entitled to a judgment condemning said fund to the payment of his debt upon the broad proposition that, as the moneys deposited to the credit of "Lea Woodruff, P. M.," went into the general funds of the bank, and were not made the subject of a special deposit, the relationship of creditor and debtor was created between the bank and Woodruff; that the addition of the words "P. M." to the name of Woodruff in the manner of keeping the account was simply descriptio personae; and that the said Woodruff could in his own name have maintained indebitatus assumpsit against the bank for the recovery of said sum.

It is undoubtedly true that the deposit as made created the relation of debtor and creditor between the bank and Woodruff, and that, for its recovery, he could in his own name, in an action at law, have recovered a judgment against said bank for the balance due on said account. It is also undoubtedly true that our Supreme Court has held that the test as to whether property can be reached by garnishment is, could the defendant, at any time between the service of the garnishment and answer, have maintained an action for debt or indebitatus assumpsit against the garnishee?

While the above is true, it is also unquestionably the law that any recovery which might have been had by

Woodruff against the bank, in an action of indebitatus assumpsit, would have been for the use of the federal government, to which the debt belonged; that the use of such money, although a general debt of the bank, by Woodruff, in the payment of other than liabilities of the government, would have amounted to a violation of the criminal law; and that the government itself could have maintained an action for money had and received, under the admitted facts, against the bank for the recovery of this same indebtedness. It is also undoubtedly true that, while, as a matter of law, the deposit of the fund as shown under the facts of this case created the relation of debtor and creditor between Woodruff and the bank, the bank could not have asserted a banker's lien upon the indebtedness of "Woodruff, P. M.," for the individual indebtedness of Woodruff.—*National Bank v. Insurance Co.*, 104 U. S. 54, 26 L. Ed. 603. So that, in this case, the plaintiff in this judgment is undertaking, by process of garnishment, under the forms of law, to force the payment of a personal demand which it holds againsnt Woodroff out of funds which belong to the federal government, when, if Woodruff made voluntary payment of such demand out of such funds, he would be guilty of a violation of his trust and of the criminal law.

"Money held in a fiduciary character, but deposited by the holder to his general bank account, still belongs to the other party, and cannot be garnished or attached for the depositor's debt incurred upon such deposit."— *Morrill v. Raymond*, 28 Kan. 415, 42 Am. Rep. 167.

"Although the relation between a bank and its depositor is that merely of debtor and creditor, if the money deposited belonged to a third person and was held by the depositor in a fiduciary capacity, its character is not changed by being placed to his credit in his

bank account."—*National Bank v. Insurance Co., supra;* sc. note to *Morrill v. Raymond,* 42 Am. Rep. 167-169.

"It is a general rule in garnishment that the plaintiff can obtain no greater beneficial relief against the garnishee than the judgment debtor would be entitled to, and that, if the debtor's recovery would be limited to a mere legal title, without beneficial interest or right of enjoyment in himself, the proceeding must fail. A judgment creditor cannot have his debt satisfied out of property held in trust for another, no matter how completely his debtor may have exercised apparent ownership over it, unless it was upon the faith of such ownership the credit was given. Therefore, if the deposit in the bank was in equity the property of the city, although it stood in Parker's name, respondents had no right to a judgment against garnishee."—*Marx v. Parker,* 9 Wash. 473, 37 Pac. 675, 43 Am. St. Rep. 849.

"Although garnishment is a purely statutory proceeding, it is always administered upon equitable principles, and, upon the answer of the bank that, while the deposit was in the name of Parker, the funds deposited were funds of the city, and not those of Parker, we hold it not to be liable for respondents' judgment against Parker."—*Marx v. Parker, supra.*

"Money belonging to a principal, deposited by an agent in the bank in his name as agent, cannot be garnished by creditors of the agent. Counsel for appellant insist that Cooper could have maintained an action in his own right against the bank, and, having that right, the plaintiff is entitled to the fund. An attaching creditor cannot acquire a higher or better right than the defendant had when the attachment was levied, unless fraud or collusion is shown, by which his rights were

[Allen v. Woodruff.]

impaired."—*Des Moines Cotton Mill Co. v. Bank of Northern Liberties,* 44 Pa. 253.

In the case of *Curtis v. Parker & Co.,* 136 Ala. 217, 33 South. 935, the evidence tended to show that one Spencer, on the 2d day of September, 1999, deposited with the Hanover National Bank of New York the sum of $500, to the credit of Parker & Co., bankers, of Cullman, Ala., and that the money was so deposited for the use of A. C. Sexton, as agent of Spencer to be used by him in the purchase of certain claims against a corporation for said Spencer. In a garnishment proceeding, it was held that the garnishees, Parker & Co., had a right to show the true ownership of this fund, viz: that it was the money of Spencer.

Garnishment proceedings were provided by statute to enable a creditor to reach property and funds of his unwilling debtor which cannot be reached by execution, but which, in equity and justice, should be applied to the payment of the debtor's debts. They were not intended to enable the creditor to subject properties or funds which in truth do not belong to the debtor, and which should not, as a matter of equity, be applied to the payment of his debts. The views expressed in *Alston v. State,* 92 Ala. 124, 9 South. 732, 13 L. R. A. 659, are perfectly sound as applied to the questions involved in that case, but have no applicability to the questions presented by this record.

The judgment of the court below was in accordance with the views above expressed, and the judgment is affirmed.

Affirmed.