(118 So. 153)

## PETTUS v. DUDLEY BAR CO. (3 Div. 849.)

Supreme Court of Alabama. June 14, 1928.

Rehearing Withdrawn Oct. 2, 1928.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Weil, Stakely & Cater and S. H. Dent, all of Montgomery, for appellee.

ANDERSON, C. J. The main question in this case is whether or not the garnishee had the right to pay over to the defendant, Bosworth-Smith Company, certain funds due from him to them after the service of plaintiff's garnishment and after his answer admitting a conditional liability to said defendant and which said payments went to pay for debts for material, etc., purchased by the defendants and used by them in the work they undertook as subcontractors of said Pettus.

Pettus had a contract with the state highway department for the construction of a bridge and sublet a part of the work to the defendant Bosworth-Smith Company. Pettus had a contract with the State wherein he agreed to pay for all material, etc., used in the construction of the bridge and gave bond guaranteeing said payment. It was also provided that, until notice was given showing payment of all such accounts, the performance should not be approved by the state highway engineer until all claims for material, labor, etc., shall have been fully paid.

Our court has held in the recent cases of Union Indemnity Co. v. State, 114 So. 415,[1] and Union Indemnity Co. v. State ex rel. Armstrong (Ala. Sup.) 118 So. 148,[2] that this requirement is not only binding and enforceable against the contractor, but his surety as well, and this would be true, notwithstanding the debt for labor, material, etc., was incurred by

---

[1] 217 Ala. 35.  [2] Ante, p. 132.

a subcontractor who may be personally or primarily liable therefor, and this would be so, irrespective of the nature of the contract with the subcontractor, but which said contract, in this instance, refers to the one between Pettus and the state by the following recital, to wit:

"This contract to become a supplement to your contract with the Alabama state highway department."

While "supplement" has several meanings, we think, as used in this instance, it extended or made applicable the original contract. 4 Words and Phrases, Second Series, p. 797; McCleary v. Babcock, 169 Ind. 228, 82 N. E. 453.

It is well settled by the decisions of this court that the only moneyed demands that can be reached by garnishment are those which are of such a nature that they might be recovered in an action of debt or indebitatus assumpsit. "In respect to such debts the garnishee may protect himself to the same extent as he might if the suit was in fact a suit against him in the name of the defendant in the original suit." 7 Mayfield's Digest, p. 384, and cases cited; Sun Ins. Co. v. Doster-Northington Drug Co., 164 Ala. 575, 51 So. 414; Curtis v. Parker, 136 Ala. 221, 33 So. 935. It is a universal rule that the garnishee is to be placed in no worse condition by operation of the proceedings against him than he would be if the defendant's claim against him were enforced by the defendant himself. Garrett v. Mayfield Mills, 153 Ala. 602, 44 So. 1026. Garnishment proceedings were not intended to entitle a creditor to hold such properties or funds which in truth do not belong to the debtor and which should not as a matter of equity be applied as a payment of his debts. Allen v. Woodruff, 2 Ala. App. 415, 56 So. 249, Webber v. Bolte, 51 Mich. 113, 16 N. W. 257.

While the money paid out by the garnishee, subsequent to the service of the writ, was paid over to the defendants, it went to satisfy claims or demands for which the garnishee, Pettus, was liable and which had to be satisfied before the approval and acceptance of the work. So while, in a sense, the money paid was due them the defendants, it was only conditionally due them and for a certain purpose; that is, to pay debts for which the defendants and the garnishee were both liable. Should the defendants have brought suit on their claim, they could not have recovered against this garnishee to the extent of outstanding claims for labor, material, etc., which they had not paid, or if they had been paid by Pettus, who was liable therefor as well as the defendants.

We do not think that section 8079 of the Code of 1923 controls the present case. This section applies when the garnishee admits an indebtedness and suggests that it is claimed by a third person. Here we have a conditional admission of a qualified indebtedness

to the defendant, subject to claims for which the garnishee is liable and a subsequent application of the funds to the extinguishment of said claims; in other words, there could be nothing due from the garnishee to the defendants until after the claims of the character here involved had been first satisfied, and, as the garnishee was liable therefor, the defendants or their creditors' could not recover of the garnishee so much of the money as was used in payment of said claims.

The trial court erred in rendering judgment against the garnishee, and the judgment of the circuit court is reversed, and one is here rendered discharging the garnishee.

Reversed and rendered.

SAYRE, GARDNER, and BOULDIN, JJ., concur.

