(125 So. 811)

**LUFKIN et al. v. DAVES et al.   (1 Div. 546.)**

Supreme Court of Alabama.   Jan. 23, 1930.

D. R. Coley, Jr., and Gordon, Edington & Leigh, all of Mobile, for appellants.

Jere Austill, of Mobile, for appellees.

BROWN, J.   The plaintiffs, Robinson and Lufkin, during the year 1928, entered into a contract with one Millsap to engage in farming 100 acres in Irish potatoes, plaintiffs to furnish the fertilizer and Millsap the seed potatoes for planting, as their respective contributions to the farming operation.

It was further agreed that plaintiffs would attend to growing and handling the crop, would procure the land, labor, teams, and feed for the teams, estimating the cost for cultivating and handling at $10 per acre, rent $5 per acre, cost of teams $2.50 per acre, aggregating for the items $1,750 for the entire crop, to be advanced by plaintiffs; it being

further agreed that, when the crop was gathered, this amount so advanced was to be first repaid to plaintiffs, and the balance of the proceeds was to be equally divided, one half to plaintiffs and the other half to Millsap. The evidence tends to show that the agreement between the parties, in respect to furnishing the fertilizer and seed, the advances, and cultivation of the crop, was fully performed.

The evidence further tends to show that, when the time came for gathering and marketing the crop, it was agreed between plaintiffs and Millsap that plaintiffs would gather the potatoes and ship them to Millsap, who was to sell them in the market, without commissions, and account to plaintiffs, or apply the proceeds in accordance with the original agreement between the parties.

Plaintiffs gathered the potatoes, loaded them on the cars to be shipped to Millsap at Nashville, Tenn., taking bills of lading therefor, naming Millsap as the consignee. Instead of selling the potatoes as agreed, he diverted the shipment to Mobile and delivered the bills of lading to the defendant T. B. Daves, doing business as the Alabama Fruit & Produce Company, who sold the potatoes and received therefor $1,444.50. On demand of plaintiffs Daves furnished them with a statement of the amount, but, after secret consultation with Millsap, refused to recognize the right of plaintiffs in the potatoes or any part of the proceeds.

On motion of the defendant, the evidence was excluded and judgment rendered for the defendant.

■ Under the agreement between the plaintiffs and Millsap, they were tenants in common of the crop. Code 1923, § 8872; Stewart v. Young, 212 Ala. 426, 103 So. 44; Hendricks v. Clemmons, 147 Ala. 590, 41 So. 306; Johnson v. McFry, 14 Ala. App. 170, 68 So. 716.

■ It is the settled law in this state that, where there has been a conversion of personalty owned by several tenants in common, they may sue jointly or severally for its conversion, or may waive the tort and sue one who has wrongfully converted into money as for money had and received. Tankersley v. Childers et al., 23 Ala. 781; Cowles v. Garrett's Adm'rs, 30 Ala. 341; Arthur v. Gayle, 38 Ala. 259; Smith's Ex'rs v. Wiley, 22 Ala. 396, 58 Am. Dec. 262; Smyth v. Tankersley, 20 Ala. 212, 56 Am. Dec. 193; Lowery v. Rowland, 104 Ala. 420, 16 So. 88.

■ Or if one tenant wrongfully converts the entire property to his own use, the other may sue in trover for his pro rata share, or may waive the tort and sue in assumpsit. Russell v. Russell, 62 Ala. 50; Marlowe v. Rogers, 102 Ala. 510, 14 So. 790; Sullivan v. Lawler, 72 Ala. 74.

■ The evidence was sufficient to warrant a finding that Daves and Millsap were guilty of a conversion of the potatoes. Bolling v. Kirby & Brother, 90 Ala. 215, 7 So. 914, 24 Am. St. Rep. 789.

The rulings and judgment of the trial court were not in accord with these principles, and the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.