140 So. 582

## COOSA LAND CO. v. STRADFORD.

### 6 Div. 979.

Supreme Court of Alabama.

March 10, 1932.

Rehearing Denied April 7, 1932.

512

W. A. Denson, of Birmingham, for appellee.

## BOULDIN, J.

This is a garnishment proceeding upon a judgment. Code, § 8051 et seq.

Judgment went against the garnishee upon oral answer. Code, § 8067. The garnishee appeals.

In such case the answer must affirmatively disclose an indebtedness of the garnishee to the judgment debtor, or possession and control of property or effects of such defendant, or other matters defined in Code, § 8055.

If plaintiff desires to controvert the truth of the answer, he may contest under the statute. Otherwise, the answer is con-

William S. Pritchard, Thos. H. Fox, and James W. Aird, all of Birmingham, for appellant.

clusive. White v. Kahn, 103 Ala. 308, 15 So. 595; Jefferson County Savings Bank v. Nathan, 138 Ala. 342, 35 So. 355; Packard Motors Co. of Alabama v. Tally, 212 Ala. 487, 103 So. 455.

The plaintiff, Albert Stradford, recovered a judgment against Alabama Lime & Stone Corporation of Delaware for the sum of $4,270.05 and costs. On proper affidavit a writ of garnishment was issued and served on Coosa Land Company, a corporation.

This garnishee corporation, on demand of plaintiff, made oral answer through its president, E. T. Schuler; the answer consisting of an extended examination and cross-examination by counsel.

The answer disclosed that Mr. Schuler was also president of defendant corporation; that the garnishee corporation owned the stock, or at least a controlling interest in the stock, of defendant corporation; that defendant corporation sold and conveyed to outside purchasers portions of its real estate holdings; that cash payments thereon, as well as proceeds of certain personalty, went into the hands of the common management; and that the notes for deferred instalments of purchase money, aggregating several times the amount of plaintiff's judgment, were transferred and assigned to the garnishee corporation.

■ The general rule is that an indebtedness from garnishee to judgment debtor subject to garnishment means such an indebtedness as will sustain an action of assumpsit by the judgment debtor.

■ This rule, however, is subject to an exception. Where, by fraud and collusion between judgment debtor and garnishee, the debtor's funds or choses in action are transferred to the garnishee, to be held for the benefit of the transferor, with the intent to defraud his creditors, garnishment will lie, notwithstanding the judgment debtor, by reason of his own fraud, may not be able to sue the transferee in assumpsit. Nicrosi v. Irvine, 102 Ala. 648, 15 So. 429, 48 Am. St. Rep. 92.

■ Applying this latter rule, it may be conceded that under the above facts, standing alone, and upon a further showing that plaintiff was an existing creditor at the time of such transaction, the finding of the trial court would be correct. If, through the convenient means of a common management, one corporation shifts its assets to another, the owner of its stock, so that such assets inure to the benefit of its own stockholder in disregard of the prior rights of its existing creditors, the elements of fraudulent collusion are present; and, unless other facts appear to rescue the transaction, we see no reason why process of garnishment will not reach such funds or indebtedness.

But the above-recited disclosures of the oral answer do not stand alone. In the first place, it does not appear that plaintiff was an existing creditor of the defendant corporation at the time of the transactions complained of. So far as this record shows, plaintiff's status as a creditor dates from his judgment in 1930. The sale of lands and the passing of the proceeds all occurred as early as 1928 or 1929. It does not appear plaintiff did or could have extended credit because of the ownership of such lands. No case of fraud as against him is presented. Moreover, the further answer discloses the entire course of dealings between the two corporations leading to the transactions on which plaintiff relies.

Without multiplying details, it is sufficient to note that the relations between these two corporations began by a loan of money made by the garnishee corporation to the defendant corporation; that further loans and advancements aggregating more than $500,000 finally led to the acquirement of mortgage bonds of defendant corporation and the ownership of its stock. The bonds were secured by mortgage on the properties sold as first above noted; that, in order to get releases from the mortgage and make good titles to the purchasers, the garnishee corporation surrendered for cancellation bonds in consideration of the assignment of the purchase money notes to like amount.

So here was the appropriation of the proceeds of property to the debt secured by it; not the passing of the debtor's property from one hand to another, as suggested by appellee, but the appropriation of the garnishee's security to the debt secured thereby.

Touching the cash derived from sales, the answer discloses the same were applied to payment of the debts of the defendant corporation and the upkeep of its plant. Moreover, it is further disclosed that the judgment debtor was all the while and still is indebted to the garnishee upon its bonds and unpaid coupons thereon, as well as on open account, in sums many times greater than all the assets passing into its hands in the transactions complained of. Jefferson County Savings Bank v. Nathan, 138 Ala. 342, 35 So. 355.

We need not pursue the matter further.

The trial court erred in rendering judgment for plaintiff on the oral answer.

Judgment is reversed, and one here rendered discharging the garnishee.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

514

On Rehearing.

BOULDIN, J.

Without considering whether rendering judgment here discharging the garnishee can work injury to appellee, the judgment, on his application, is modified, so that the judgment of the court below stands reversed and the cause remanded. The application for rehearing is otherwise overruled.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.