40 So.2d 876

**HOLLIS v. BENDER.**

**4 Div. 27.**

Court of Appeals of Alabama.

Jan. 20, 1948.

Rehearing Denied Feb. 24, 1948.

J. Hubert Farmer, of Dothan, for appellant.

H. K. Martin and Oscar L. Tompkins, both of Dothan, for appellee.

CARR, Judge.

In aid of pending suit by Leo Bendei against H. F. York, a garnishment was issued to E. H. Hollis. On the trial of the cause below, a judgment was rendered against the defendant and also against the garnishee. Only the latter brings this appeal.

The defendant, York, entered into an oral agreement with the garnishee, Hollis, by the terms of which the latter was to furnish eighty-five hogs which the former would take and pasture on his ungathered peanut crop. Mr. York was to look after the hogs, water them, and give them such attention as their needs required. It was agreed further that the hogs would be weighed at the time they were turned into Mr. York's peanut field, and at the expiration of the feeding and fattening period they would again be weighed, and sold. The owner of the swine was to receive pay for the initial weight of the hogs plus one-half the amount of the gained weight. Mr. York was to receive the other half of the weight gained.

On this basis the hogs were fed, fattened, and sold. The proceeds from the sale thereof were divided according to the indicated understanding, and payment was made by the purchaser to each interested party by separate checks.

We note the following dates: The hogs began feeding on the peanuts some time in October, 1944. The garnishment writ was issued November 21, 1944. Service was had on the same day. The hogs were sold December 15, 1944. Written answer to the garnishment was filed December 27, 1944. Motion for oral examination of garnishee bears filing date of January 9, 1945. The court entered judgment against the garnishee on December 7, 1946.

It is here insisted by brief and oral argument of appellant's counsel that the facts and circumstances above delineated do not authorize a rendition of a judgment against the garnishee. In this position we are in accord.

■ Garnishment proceedings are purely of statutory creation, with no affinity to any action known to the common law. It is regarded as a mode of attachment, and unless the case is influenced and controlled by some provision of the statute (Title 7, Sec. 995, Code 1940) relief must be denied. Jones Adm'r v. Crews, 64 Ala. 368; Henderson v. Ala. Gold Life Ins. Co., 72 Ala. 32; W. L. Murdock Brokerage Co. v. Collins, 146 Ala. 604, 40 So. 96; Sloss v. Glaze, 231 Ala. 234, 164 So. 51.

■ With reference to the instant case, if at the time of the service of the garnishment, or at the time of making the answer, or at any time intervening between these dates, the garnishee was not indebted to the defendant, York, or if there was not then existing a valid and binding contract under the terms of which such indebtedness would accrue in the future, then there was no debt subject to garnishment. The right thus arising must have been such demand as would support an action of debt or indebitatus at the instance of the debtor. Archer v. Peoples Saving Bank, 88 Ala. 249, 7 So. 53; Henry v. Murphy & Co., 54 Ala. 246; Nicrosi v. Irvine, 102 Ala. 648, 15 So. 429, 48 Am. St.Rep. 92; Feore v. Miss. Transp. Co., 161 Ala. 567, 49 So. 871; Pettus v. Dudley Bar. Co., 218 Ala. 163, 118 So. 153; Coosa Land Co. v. Stradford, 224 Ala. 511, 140 So. 582; Sloss v. Glaze, supra; Allen v. Woodruff, 2 Ala.App. 415, 56 So. 247.

Writing on the subject, Chief Justice Stone observed in Teague, Barnett & Co. v. Legrand, 85 Ala. 493, 5 So. 287, 288, 7 Am.St.Rep. 64: "True, the debt need not be due and presently demandable; but there must be a contract, express or implied, out of which a money liability will certainly spring in the usual course of things: Many contracts from which money liability may possibly arise are not subject to garnishment at law.

The correct solution of the instant inquiry must be hypothesized on the proper application of the foregoing principles.

■ When the garnishment was sued out and served, and when the answer of the garnishee was filed, it could not be known that there would ever arise out of the contract any money obligation between the garnishee and the debtor.

In fact, as the relationship progressed and terminated, as the evidence discloses, Mr. Hollis was never obligated to Mr. York in any money amount growing out of the agreement. Throughout the tenure of the contract, both parties had the right of unity of possession of the property, one the constructive and the other the actual. This relationship continued up to the time the hogs were taken off the peanuts, last weighed, and sold. Then it was that the proceeds from the sale were distributed by separate checks according to the division stipulated and agreed in the covenant.

It is clearly evident that, if Mr. Hollis had wrongfully converted the entire property interest, or any part thereof, to his own use, Mr. York could have sued in trover for his pro rata share, or he could have waived the tort and sued in assumpsit. These rights of action would arise only by virtue of a wrongful conversion, an uncertain contingency and one which did not materialize in the instant case.

■ We make this observation on the basis of our conclusion that the agreement between the parties made them tenants in common.

The following authorities are not in exact factual counterpart to the case at bar, but, in the similarity of the facts and the logical reasoning of the opinions, we find support for our view. Lufkin v. Daves, 220 Ala. 443, 125 So. 811; Daves v. Lufkin, 222 Ala. 171, 131 So. 438; Warner v. Warner, 248 Ala. 556, 28 So. 2d 701; Colbey-Hinkley Co. v. Jordan, 146 Ala. 634, 41 So. 962; Thompson v. Mawhinney, 17 Ala. 362, 52 Am.Dec. 176; Strother's Admr. v. Butler, 17 Ala. 733; Poole v. Griffith, 216 Ala. 120, 112 So. 447; Willard v. Wing, 70 Vt. 123, 67 Am. St.Rep. 657; Mahoney v. Citizens Nat. Bk. of Salmon, 47 Idaho 24, 271 P. 935; Sheldon v. Skinner, 4 Wend., N.Y., 525, 21 Am.Dec. 161; White v. Brooks, 43 N.H. 402; Boylston Ins. Co. v. Davis, 68 N.C. 17, 12 Am.Rep. 624; Beaumont v.

Crane, 14 Mass. 400. See also 14 Am. Jur. Sec. 19, p. 89; Schouler on Personal Property, 5th Ed., Sec. 161, p. 230.

What we have written and the authorities we have cited will serve to illustrate the reasons for our conclusion.

The judgment of the court below is ordered reversed and the cause remanded.

Reversed and remanded.

### On Rehearing

Simultaneously with the filing of an application for rehearing in this cause, the appellee, Leo Bender, filed the following motion:

"Motion to set aside submission on rehearing

"Now comes the appellee, Leo Bender, and moves the Court to set aside the submission heretofore had in this cause, and upon said submission being set aside that the appellee be permitted to file his motion to strike the Court Reporter's transcript of the evidence and further move for an affirmance of the judgment appealed from. For grounds of this motion the appellee says: the submission was had under a law which was void, ineffective and invalid; the judgment of reversal was therefore wholly void, illegal and invalid."

In the case of Dewrell v. Kearley, 250 Ala. 18, 32 So.2d 812, the Supreme Court held that Act No. 352, Acts of 1945, p. 567 et seq., Code 1940, Tit. 7, § 827(1) et seq., is inoperative and void. It results that the original act, Act No. 461, General Acts 1943, p. 423, with Supreme Court Rule 48, Code 1940, Tit. 7 Appendix, remains in force and effect and must now control.

The provisions and stipulations of Supreme Court Rule 48 were not complied with in the instant appeal. Therefore, we see no good reason why we should set aside the submission in this cause and entertain a motion to strike the court reporter's transcript of the evidence.

We will not attempt to make any further response to the questions we discussed and disposed of in our original opinion.

The motion to set aside the submission is denied.

The application for rehearing is ordered overruled.